NATIONAL ZINC COMPANY and Insurance Company of North America, Petitioners,

v.

Leslie Eugene FOWLER and the State Industrial Court, Respondents.

No. 51245.

Supreme Court of Oklahoma.

March 13, 1979.

Robert L. Battoglia, Best, Sharp, Thomas & Glass, Tulsa, for petitioners.

John Estes and Mike Blessington, Stipe, Gossett, Stipe & Harper, Oklahoma City, Fred Nicholas and Richard Mason, Oklahoma City, for respondents.

HARGRAVE, Justice:

The only issue presented for review concerns which of two insurance carriers bears responsibility for an award of compensation for permanent partial disability resulting from an occupational disease.

Claimant had been employed approximately twenty-five years in the furnace department of National Zinc Company (National). The fact of continuing exposure to dust, smoke, and noxious gases over these years is uncontroverted. Although claimant retired from employment in July, 1974, actual termination date was extended into September, 1974, by accrued vacation time.

National's insurance carrier on the risk was respondent INA until July 31, 1974. On August 1, 1974, State Insurance Fund (Fund) became insurance carrier for this risk. The original claim for compensation had alleged August 1, 1974, as date of last exposure, and INA had answered denying the claim because it was not the insurer. The amended claims, filed February 9, 1976, over INA's objection, alleged July 31, 1974, as date of last exposure. The Fund answered denying coverage on that date, and National then moved to implead Fund on grounds exposure had continued while Fund was on the risk.

At the hearing on August 17, 1976, claimant testified the last work day was in July, although he could not recall the date. However, he did not have independent knowledge, or any work records showing employment after July 31, 1974. National then offered claimant's work records—for purpose of impeachment. They were admitted into evidence without objection. These records showed claimant had worked intermittently for six days during the first two weeks in August, 1974.

The trial judge found claimant had sustained accidental injury from occupational disease due to long exposure to deleterious fumes. Exposure aggravated pulmonary fibrosis and resulted in 50% permanent partial disability to body as a whole for which award was entered. The order further found date of last exposure was in July, 1974, and Fund was dismissed from the case. The order was affirmed by State Industrial Court en banc.

The contention advanced for review urges the finding of last injurious exposure in July 1974, is unsupported by competent evidence. Argument is directed against propriety of the finding of date of last injurious exposure in view of explicit provision of 85 O.S.1971 § 11(3). This statute provides:

"Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefore, without right to contribution from any prior employer or insurance carrier, provided, however, that in the case of silicosis or asbestosis, the only employer and insurance carrier liable shall be the last employer in whose employment the employee was last exposed to harmful quantities of silicon dioxide (S$_1$O$_2$) dust on each of at least sixty (60) days or more, and the insurance carrier, if any, on the risk when the employee, was last so exposed under such employer."

National, and INA as insurer, urge the uncontroverted evidence, adduced by introduction of work records, conclusively showed claimant worked and was last exposed August 14, 1974. Therefore, the trial court committed reversible error in disregarding uncontroverted evidence, and in dismissing Fund as the risk carrier.

This argument necessarily is derived from considerations of the weight and quality of the evidence concerning claimant's last day of injurious exposure. The conclusion urged is supportable only by refusal to recognize and apply the most firmly settled rule governing review of workmen's compensation order and awards. Conflicting evidence is never weighed by Supreme Court to determine weight and credibility in relation to questions of fact. Where there is any competent evidence State Industrial Court findings of fact will not be disturbed. *AMF Tubescope Company v. Hatchel,* Okl., 547 P.2d 374 (1976). The existence of record evidence which might have supported a contrary conclusion by the trial court is immaterial under law applied to review of State Industrial Court determination of fact questions. *Riley v. Cimarron-Empire Construction Company,* Okl., 420 P.2d 550 (1966).

AWARD SUSTAINED.

All the Justices concur.