1998 OK 76

**Darlene HUGHES, Petitioner,**

v.

**COLE GRAIN COMPANY and the Workers' Compensation Court, Respondents.**

**No. 90189.**

Supreme Court of Oklahoma.

July 14, 1998.

Michael R. Green of Stites & Green, Tulsa, for Petitioner.

Ronald E. Hignight and Owen Evans of McGivern, Gilliard & Curthoys, Tulsa, for Respondents.

LAVENDER, Judge.

¶2   The claimant's [Hughes] petition for review requires that we canvass the facts not to weigh conflicting proof but to ascertain whether the trial court's decision is supported by any competent evidence.

I

### FACTS AND PROCEDURAL HISTORY

¶3   Claimant [Hughes or employee] filed her Form 3 claim on July 9, 1996. She alleged that she suffered a personal accidental injury to her lower back on January 5, 1995 while lifting a 50+ pound bag on Cole Grain Company's [respondent or Cole] sweet feed line. Hughes testified that she reported the injury to her supervisor when it occurred.[1] During the initial hearing Hughes testified that she had injured her upper back before coming to work for Cole but had not previously hurt her back's lower lumbar area. Claimant's medical report from Dr.

---

1.  *See* record p. 26. The accident report was signed by George Parsons, the claimant's supervisor.

T.—in which the doctor opined that claimant's injury was related to the January 5, 1995 accident—was also offered and admitted.

¶4  During the first hearing employer introduced medical evidence in an attempt to controvert Hughes' testimony. The Court of Civil Appeals later held that the admission of the employer's medical evidence was error because Cole had failed to comply with Workers' Compensation Court Rule 19, 85 O.S.1991 Ch. 4, App. This medical evidence was not admitted on remand and Hughes' proof regarding the occurrence of her January 5 on-the-job accident and its relation to her injury stood uncontradicted.

¶5  On remand the cause was submitted on the basis of the original hearing's transcript *sans* the employer's medical evidence. The trial court again found that claimant's injury did not arise out of nor occur during the course of her employment. Upon denial of her claim, Hughes timely filed her petition for review. The COCA upheld her claim's denial. Certiorari was then sought and granted.

## II

### THE STANDARD OF REVIEW

██  ¶6  When this Court examines the compensation tribunal's factual resolutions, we apply the *any-competent-evidence standard*.[2] Whenever conflicting or inconsistent inferences may be drawn from undisputed facts, the issue is not one of law but rather of fact.[3] The trial judge's non-jurisdictional findings may not be disturbed on review if supported by competent proof.[4] It is only in the absence of competent[5] evidence that a trial tribunal's decision may be viewed as erroneous as a matter of law and hence subject to appellate vacation.[6]

## III

### THERE IS NO COMPETENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDING THAT HUGHES' INJURY DID NOT ARISE OUT OF HER EMPLOYMENT

██  ¶7  Extant jurisprudence imposes upon a claimant, seeking to establish a compensable work-related injury, a two-pronged pattern of proof: (1) the claimant must show by lay testimony the nature of the work performed at the time of injury and (2) there must be expert medical opinion which establishes a nexus between that activity and the disability for which compensation is sought.[7] This burden has its genesis in the claimant's responsibility to prove that the injury "arises out of" employment. The arising-out-of component of a compensable injury contemplates a *causal* relationship between the act engaged in at the time of injury and the requirements of employment.[8]

██  ¶8  The parties have each focused on the absence of employer's medical evidence in the record which would controvert the fact of the claimant's on-the-job injury. The employer asserts that the dearth of competent medical evidence from itself does not undermine the trial court's denial of Hughes' claim because a respondent is not obligated to advance proof to refute the causal relation-

2.  *Parks v. Norman Mun. Hosp.*, 1984 OK 53, 684 P.2d 548, 549 (1984).

3.  *Thomas v. Keith Hensel Optical Labs*, 1982 OK 120, 653 P.2d 201, 203 (1982).

4.  Controlling language in 85 O.S.1991 § 26 provides that "the decision of the Court [Workers' Compensation Court] shall be final as to all questions of fact, and except as provided in … [§ 3.6], as to all questions of law." *Carpenter v. Douglas Aircraft Company*, 1966 OK 218, 420 P.2d 911, 912 syl. 2 (1966); *Leffler v. McPherson Brothers Transport*, 1964 OK 225, 396 P.2d 491, 493 (1964).

5.  "Competency" refers to the legal sufficiency of the admitted evidence to support the decision.

In applying the *any-competent-evidence standard*, it is not this Court's duty to weigh the adduced evidence but rather to canvass the facts to determine if the trial court's decision is supported by competent evidence. *Lacy v. Schlumberger*, 1992 OK 54, 839 P.2d 157, 160–61 (1992); *Parks, supra* note 2 at 552.

6.  *Parks, supra* note 2 at 552; *Chromalloy–American, Oklahoma Division v. Wright*, 1977 OK 93, 567 P.2d 71, 73 (1977).

7.  *Carpenter, supra* note 3 at 912.

8.  *Hensel Optical, supra* note 2 at 202.

ship between employment and injury.[9] The claimant argues that the *complete* absence of any evidence refuting her claim transforms her cause into a question of law.[10]

¶ 9 The record substantiates the fact that Hughes experienced a job-related accident on January 5, 1995. Also, there is Dr. T.'s offered and admitted medical report which relates employee's injury to this particular accident. The claimant has established by competent evidence the causal relationship between her injury and employment. She has met her burden under the two-pronged pattern of proof outlined above. Were the record devoid of this proof, then Cole's characterization of its failure to put on *any* competent evidence to controvert causation might be well taken; but it is not.[11]

¶ 10 Oklahoma's jurisprudence does not impose upon an employer an affirmative obligation to prove by competent medical evidence that a causal relationship does *not* exist between an alleged injury and employment. Nonetheless, if (1) there is *no* competent evidence in the record to refute causation and (2) the claimant has met its burden on this issue, a trial court's finding that the injury did not *arise out of employment* cannot be sustained.[12] Such is the case here. Because there is no competent evidence to sustain the trial court's decision on the arising-out-of component of compensability, the question becomes one of law determinable by the Court on review. Denying, as we must, any inferences which could have been drawn from the excluded medical report and history proffered by Cole, we hold that under the undisputed facts as disclosed by the record before us Hughes' injury is compensable since it both arose out of and occurred during the course of her employment.

## IV

### SUMMARY

¶ 11 Workers' compensation court decisions are reviewed under the *any competent-evidence* standard. When, as here, a claimant adduces (1) competent, credible, lay testimony that she was injured on the job and (2) a doctor's narrative that her disability is related to the identified accident, the employee has met the two-pronged pattern of proof which Oklahoma's extant jurisprudence requires to prove causation. *Sans any competent evidence to the contrary in the record,* the trial court's denial of compensable injury on the basis that the injury was not *caused* by the job's requirements and hence did not arise out of employment is not sustainable on review. Hughes met her burden of proof and Cole failed to offer *any* evidence which controverts the facts before the tribunal. On certiorari previously granted,

**THE COURT OF CIVIL APPEALS' OPINION IS VACATED; THE TRIAL COURT'S ORDER IS REVERSED; AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH TODAY'S PRONOUNCEMENT.**

¶ 12 KAUGER, C.J., SUMMERS, V.C.J., and HARGRAVE, ALMA WILSON and WATT, JJ., concur.

¶ 13 HODGES and SIMMS, JJ., dissent.

¶ 14 OPALA, J., not participating.

9. *See Collins v. Halliburton Services,* 1991 OK 118, 804 P.2d 440, 442 (1991)[on which Cole relies]. In *Collins* the employer put on competent evidence to refute causation; however, it was of a scientific, and not of a medical, nature. Collins stands for the proposition that competent *medical* evidence is not required of the employer to break the causal nexus between employment and injury.

10. *See Liebmann Arctic Ice Co. v. Henderson,* 1971 OK ——, 486 P.2d 739, 741 (1971)

11. In the respondent's answer brief Cole's counsel claims Hughes was "untruthful" in her testi-

mony about having received chiropractic treatment for a lower-back injury which was incurred before her employment with Cole. The employer's statement is not sustained by the record since on remand the only medical evidence by which it might have proven the statement's accuracy was not admitted into evidence. In the second hearing Cole did not appeal the exclusion of the claimant's earlier medical history.

12. *Hensel Optical, supra* note 2 at 203; *Chromalloy, supra* note 3 at 73.