1998 OK CIV APP 165

Deborah DURHAM, Petitioner,

v.

WAL–MART, National Union Fire Insurance Company, and the Workers' Compensation Court, Respondents.

No. 90994.

Court of Civil Appeals of Oklahoma, Division No. 3.

July 28, 1998.

Certiorari Denied Oct. 27, 1998.

Patricia F. Brion, Oklahoma City, Oklahoma, for Petitioner.

Victor R. Seagle, Kristin Blue Fisher, Tulsa, Oklahoma, for Respondents.

OPINION

HANSEN, Judge:

¶ 1 Petitioner, Deborah Durham (Claimant), seeks review of a Workers' Compensation Court order finding, among other things, that Claimant "failed to sustain her burden of persuasion that fibromyalgia arose out of and in the course of her employment" with Respondent, Wal–Mart (Employer).

¶ 2 On July 9, 1997, Claimant filed her claim alleging she injured her neck and back while working for Employer on July 27, 1995. She sought medical care shortly after her

injury, and during her course of treatment was referred to several specialists, particularly after she related additional symptoms in her arms and legs. From the time of her injury, with some relatively minor exceptions for medical care, treatment and rehabilitation, Claimant continued to work full time for Employer until July 19, 1997, when she quit after being demoted.

¶3 At trial on the question of permanent impairment, Employer admitted July 27, 1995, injuries to Claimant's neck and upper back, but denied permanent impairment. Claimant testified and introduced medical evidence in support of her alleged disabilities, including a condition diagnosed as fibromyalgia precipitated by her neck and back injuries. Employer also denied the July 27 accident "caused the fibromyalgia." The trial court found Claimant sustained compensable impairment to her neck and thoracic back and awarded compensation for those impairments. The trial court further found and held:

THAT claimant failed to sustain her burden of persuasion that fibromyalgia arose out of and in the course of employment and therefore compensability of the same is denied.

¶4 Claimant appealed the trial court's order, specifically the foregoing finding regarding fibromyalgia, to a three judge panel of the Workers' Compensation Court. The three judge panel unanimously affirmed the trial court's order. Claimant now seeks review of that order. As her sole appellate proposition, Claimant reiterates her allegation the Workers' Compensation Court erred in holding she failed to meet her burden of persuasion to show compensable impairment resulting from fibromyalgia.

¶5 Whether an injury arises out of and in the course of employment is a question of fact to be determined by the Workers' Compensation Court, and we will not disturb such a finding where it is supported by any competent evidence. *Stroud Municipal Hospital v. Mooney,* 1996 OK 127, 933 P.2d 872. We may not reweigh the evidence to determine where the clear weight lies, but may only canvas the evidence to determine if the court's order is supported

by competent evidence. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548.

¶6 Claimant contends there is no competent evidence to support the contested finding. Claimant asserts, to the contrary, the only evidence of record going to the cause of her fibromyalgia is that of her medical expert, Dr. M. Dr. M. opines Claimant "suffers from a rare disease called fibromyalgia," which was "initiated and precipitated by her injury while working for [Employer] on July 27, 1995." Dr. M. further opines Claimant "should receive 20% permanent partial disability to the body as a whole due to the consistent and severe pain that she has secondary to her fibromyalgia."

¶7 Employer introduced the report of its medical expert, Dr. G. As part of Claimant's history, Dr. G. notes Claimant stated she had been diagnosed with fibromyalgia by one specialist and "probable" fibromyalgia by another. Dr. G. reported the results of his examination of Claimant, but made no other comment regarding fibromyalgia in his report. Dr. G. concluded it was his opinion Claimant "has 0% permanent impairment to her neck, thoracic spine, shoulders, and arms from this [July 27, 1995] injury."

¶8 Employer argues Dr. G.'s opinion of 0% impairment supports the Workers' Compensation Court's finding that Claimant failed to meet to her burden of proving her fibromyalgic condition was employment related. We disagree. The court's holding of noncompensability was based on a finding Claimant did not prove the condition arose out of and in the course of her employment. Dr. G.'s opinion does not, however, go to that issue, but refers only the question of permanent impairment. In fact, Dr. G. only addresses the cause of any of Claimant's injuries as a matter of history.

¶9 The question of cause is distinct from that of disability. Under our Workers' Compensation Act, an employer is liable to pay compensation only where an injury, which arises out of and in the course of employment, results in disability or death. 85 O.S. Supp.1995 § 11. Thus, an injury, even though found to arise out of and in the

course of employment, is not compensable unless the court further finds disability.

¶ 10 Dr. G's report would be probative to resolve whether Claimant's fibromyalgia resulted in Claimant's impairment, but provides no support for the court's determination that the condition did not arise out of and in the course of Claimant's employment. However, the Workers' Compensation Court did not deny compensation on the former basis, but on the latter.

¶ 11 The Workers' Compensation Court clearly gave no credence to Dr. G.'s opinion that Claimant sustained 0% disability as to the thoracic back and neck injuries. In view of the court's finding regarding the cause of the fibromyalgia, it made no finding as to disability, if any, which would be attributable to that condition. That issue remains to be determined on remand.

¶ 12 The Workers' Compensation Court erred in finding Claimant failed to sustain her burden to prove her fibromyalgia arose out of and in the course of employment. That finding is *not* supported by competent evidence. The *only* evidence of causation is that of Claimant, and it is sufficient to support her on that question.

¶ 13 Employer correctly notes the Workers' Compensation Court can refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence. *Bittman v. Boardman Co.*, 1977 OK 32, 560 P.2d 967. However, the *Bittman* Court went on to further explain a court is not obliged to accept testimony as true merely because there is no direct testimony contradicting it, *"where it contains inherent probabilities or contradictions* which alone, or in connection with other circumstances in evidence, justify an inference that the evidence is false."* (Emphasis added). We are not directed to any improbabilities or contradictions in Claimant's evidence on the question of causation. Therefore, Claimant's expert medical evidence may not be totally disregarded.

¶ 14 Accordingly, that portion of the Workers' Compensation Court's order finding Claimant failed to sustain her burden of persuasion that fibromyalgia arose out of and in the course of her employment is VACATED. This matter is REMANDED to the Workers' Compensation Court for determination of permanent partial disability, if any, resulting from fibromyalgia.

VACATED AND REMANDED WITH INSTRUCTIONS.

BUETTNER, P.J., dissents.

ADAMS, Judge, specially concurring:

In my view, the causation question at issue is one requiring expert medical opinion, and the Workers' Compensation Court is not free to disregard the only expert medical opinion addressing this issue under extant Supreme Court Cases.