1998 OK 76

**Dennis Russell EMERY, Petitioner,**

v.

**WAL–MART SUPER CENTER NO. 576, National Union Fire Insurance Company and The Workers' Compensation Court, Respondents.**

**Nos. 92,257, 92,258.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 28, 1999.

Rehearing Denied July 2, 1999.

John L. Harlan, Sapulpa, Oklahoma, For Petitioner.

Kristen Blue Fisher, Tulsa, Oklahoma, For Respondents.

## OPINION

Opinion by CAROL M. HANSEN, Presiding Judge:

¶1 Petitioner, Dennis Emery (Claimant) seeks review of a Workers' Compensation Court order denying his claim for compensation because he had failed to meet his burden of persuasion.

¶2 Claimant filed two separate claims alleging compensable injury while working for Respondent, Wal–Mart (Employer). The first was filed in November 1997, claiming cumulative trauma injury to both feet. The second, filed May 1, 1998, alleged cumulative trauma injury to his back. The claims were consolidated in the Workers' Compensation Court for purposes of trial. The trial court issued separate orders disposing of the two claims, and Claimant appealed both to a three judge panel of the Workers' Compensation Court. In a joint order disposing of both claims, the three judge panel affirmed the trial court orders without modification. Claimant filed Petitions for Review in both cases. The Supreme Court consolidated the cases for review.

¶3 As a preliminary matter, we consider the wording of the orders. As to the claim for injury to his feet, the trial court first held Claimant did not sustain an accidental injury arising out of and in the course of employment with Employer, and then concluded in a separate paragraph:

THAT while claimant met his burden of proof, he didn't meet his burden of persuasion.

■ ¶4 The trial court included a substantially similar paragraph in the order denying the claim for injury to Claimant's back, but made no findings of fact to support the conclusions in either order. As we noted, the three judge panel affirmed the trial court orders without modification. Although the paragraph regarding the burdens of proof and persuasion is inartfully worded and would appear to be redundant, we find it is not so inherently ambiguous as to be too indefinite and uncertain for proper appellate review. *See, Gleason v. State Indus. Court,* 1965 OK 210, 413 P.2d 536.

¶5 The Workers' Compensation Court concluded that Claimant both met his burden of proof and failed to meet his burden of persuasion. The term "burden of proof" has been the subject of much ambiguity, as recognized by the Oklahoma Supreme Court in *Jackson v. Oklahoma Memorial Hosp.,* 1995 OK 112, 909 P.2d 765, 776 n. 18. *See also, Johnson v. Board of Governors of Registered Dentists of State of Okla.,* 1996 OK 41, 913 P.2d 1339, 1356 n. 3, and *Harder v. F.C. Clinton, Inc.,* 1997 OK 137, 948 P.2d 298, 303 n. 13.

■ ¶6 As discussed in the foregoing cited footnotes, burden of proof was used in the past to describe two different concepts—the burden of persuasion and the burden of production (or the burden of going forward with the evidence). There is no Oklahoma statutory definition of either concept, but the term burden of proof has been defined through jurisprudence as the burden of persuasion, and is distinct from the concept of burden of production. *Jackson,* 909 P.2d at 776. Thus, it is evident from the context of the order that the Workers' Compensation Court's holding should have been that while Claimant met his burden of *producing evidence,* he did not met his burden of persuasion. Since the 1986 repeal of 85 O.S.1981 § 27, both the burdens of producing evidence and of persuasion have been on the claimant, "who must adduce every fact necessary to establish compensability." *American Management Systems v. Burns,* 1995 OK 58, 903 P.2d 288.

¶7 Claimant testified he was produce manager for Employer. He worked 10–12 hour days and was on his feet 90 % of the time, walking from the warehouse to the produce department on a continuous basis and walking through the department. About half of his shift he was involved in moving produce, which required unloading crates weighing from 25 to 50 pounds and helping to pull pallets weighing from 1,000 to 2,000 pounds from the back to the front of the store. The volume of business required this restocking on a constant basis during the day. Claimant first noticed his feet hurting in February

1997. He later sought medical help and was taken off work for 30 days. When he returned to work, he was doing regular duties but was limited to four hour work days. His back problems began in November or December 1997. At that time Claimant was still on shorter days, but had increased work to about six hours a day and was performing normal duties.

¶ 8 Medical reports of Dr. H. were admitted in support of Claimant's case. Dr. H. noted Claimant was assessed "with respect to significant bilateral foot problems that progressively developed as a consequence of cumulative micro-trauma sustained during his work as a produce manager for Wal-mart # 576 in Tulsa". In his report assessing Claimant's back complaints, Dr. H. rendered the diagnosis: "historically caused by/aggravated by/accelerated by repetitive lifting while an employee of Wal–Mart."

¶ 9 Claimant's evidence is sufficient to meet his burden of production, that is, there is evidence to establish each necessary element of a compensable claim. There is a two-pronged pattern of proof to establish a compensable work-related injury: (1) Claimant must show by lay testimony the nature of the work performed at the time of the injury, and (2) there must be expert medical opinion which establishes a nexus between that activity and the disability for which compensation is sought. *Hughes v. Cole Grain Co.,* 1998 OK 76, 964 P.2d 206. Claimant has adduced evidence to establish both prongs.

¶ 10 The question remains, however, whether Claimant has met his burden of persuasion. The burden of persuasion has been defined in commentary as the burden placed upon a party to persuade the court of the existence or non-existence of the fact in issue. 2 L. Whinery, OKLAHOMA EVIDENCE § 8.03 (2d ed.1994). The facts in issue here relate to whether Claimant's injuries arose out of and in the course of his employment with Employer. Oklahoma law imposes no affirmative obligation on Employer to prove by competent medical evidence that a causal relationship does *not* exist between the alleged injuries and Claimant's employment; however, if there is no competent evidence in the record to refute causa-

tion, and Claimant has met his burden on this issue, a Workers' Compensation Court's determination that the injury did not arise out of employment cannot be sustained. *Hughes,* 964 P.2d at 206.

¶ 11 We do find competent evidence of record, however meager, to refute causation and support the determination that Claimant's injuries to his feet did not arise out of and in the course of his employment with Employer. Claimant testified on cross-examination regarding walking on hard surfaces at times other than his job. While Claimant's walking outside employment was minimal, particularly in comparison to his testimony about being on his feet at work, it is *some* evidence to support the court's holding. We may not reweigh the evidence to determine where the clear weight lies, but may only canvas the evidence to determine if the court's order is supported by competent evidence. *Durham v. Wal–Mart,* 1998 OK CIV APP 165, 966 P.2d 808.

¶ 12 There is, however, no similar evidence of record to refute Claimant's evidence of back injury. His testimony supported his claim of cumulative trauma injury to his back. His medical expert testimony established the necessary nexus between Claimant's work activities and his claimed disability. Even Employer's medical expert noted in his report that Claimant's injury, "by his history, appears work related." Employer's medical expert offered no controverting opinion regarding the cause of Claimant's back injury, nor did Employer introduce any other evidence to refute causation as to the back.

¶ 13 We note with agreement Employer's assertion the Workers' Compensation Court can refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence. *Bittman v. Boardman Co.,* 1977 OK 32, 560 P.2d 967. As the Court of Civil Appeals noted in *Durham,* 966 P.2d at 810, however:

> ... the *Bittman* Court went on to further explain a court is not obligated to accept testimony as true merely because there is no direct testimony contradicting it, *"where it contains inherent probabilities or contradictions"* which alone, or in con-

nection with other circumstances in evidence, justify an inference that the evidence is false." (Emphasis in original).

 ¶ 14 As in *Durham,* we find no inherent improbabilities or contradictions in Claimant's evidence on the question of causation of his back injury. There is no evidence to refute Claimant's evidence on that question, and he met his burden of producing evidence. The Workers' Compensation Court's holdings that Claimant did not meet his burden of persuasion as to his back injury and that his back injury did not arise out of and in the course of his employment therefore cannot be sustained. *Hughes,* 964 P.2d at 209.

¶ 15 SUSTAINED IN PART, VACATED IN PART AND REMANDED.

JONES, C.J., dissents; and ADAMS, J., concurs by reason of *stare decisis.*

ADAMS, J.: concurring by reason of *stare decisis.*

¶ 1 I agree that as to his back claim Claimant's testimony contains no inherent probabilities or contradictions and that the record otherwise contains no evidence of other circumstances which would justify an inference that Claimant's testimony is false. Accordingly, I am forced to conclude under *Hughes v. Cole Grain Co.,* 1998 OK 76, 964 P.2d 206, and more recently what might be characterized as *dicta* in *Tolbert v. Eastern Contracting, Inc.,* 1999 OK 23, 978 P.2d 358 that the Workers' Compensation Court was not free to find Claimant's evidence insufficient to sustain his burden of persuasion concerning his back claim.

¶ 2 *Hughes* concluded that the Workers' Compensation Court was required to award benefits to a claimant who had testified, without contradiction, to the facts of an on-the-job injury that she had immediately reported to her supervisor. Ms. Hughes also presented unchallenged medical evidence that her injury was work-related. The Court apparently concluded the trial judge was not free to deny Hughes' claim because her testimony was not believed. In *Tolbert,* the Court held the record contained sufficient evidence to support the trial court's conclusion that the claimant's testimony was not credible. However, the Court went on to state that "a finding that a claimant was 'not a credible witness' in the absence of record evidence to support it would call for reversal." *Tolbert,* 1999 OK 23, ¶ 19, 978 P.2d 358, ¶ 19. As I have noted previously, I am of the opinion that we are bound by *dicta* in Oklahoma Supreme Court opinions which directly addresses the issue presented to us.

¶ 3 As a former trial judge who sat as a factfinder in cases covering a wide range of issues, I am painfully aware that individuals in our system charged with determining facts must rely on innumerable factors in determining whether to believe testimony, many of which will not appear on the face a transcript of the evidence. It appears that the Oklahoma Supreme Court has concluded that factfinders in workers' compensation cases are not free to do so, at least where they make no specific reference to those factors on the record.

¶ 4 Were it not for *Hughes* and *Tolbert,* I would dissent to that portion of the majority opinion which vacates the order denying Claimant's back injury claim. However, I am bound to follow the law and must concur in that decision by reason of *stare decisis.*