1999 OK CIV APP 89

Sylvia A. MAPP, Petitioner,

v.

STAND–BY PERSONNEL, Liberty Mutual Insurance, and the Workers' Compensation Court, Respondents.

No. 92,694.

Court of Civil Appeals of Oklahoma, Division No. 1.

July 2, 1999.

Michael E. Utter, Tulsa, Oklahoma, For Petitioner.

Kristin Blue Fisher, Feldman, Franden, Woodard & Farris, Tulsa, Oklahoma, For Respondents.

## OPINION

ADAMS, Judge:

¶ 1 Claimant Sylvia Mapp asks us to vacate an order of the Workers' Compensation Court which denied her claim for workers' compensation benefits. According to Claimant, during the approximately nine weeks she worked for Employer Stand–By Personnel, she sustained a cumulative trauma injury resulting in carpal tunnel syndrome. Claimant contends the trial judge's order denying her claim, which was affirmed by the panel on *en banc* appeal, is not supported by any competent evidence.

¶ 2 According to Claimant, she established that she performed "the repetitive type work which is medically accepted to cause the type of injury the Claimant sustained." Relying on *Hughes v. Cole Grain Company*, 1998 OK 76, 964 P.2d 206, and language in *Tolbert v. Eastern Contracting, Inc.*, 1999 OK 23, 978 P.2d 358 (1999), she argues the trial court was required to find she sustained an accidental injury arising out of and in the course of her employment.

¶ 3 Even if we overlook any evidence giving rise to questions concerning Claimant's credibility, we need look no further than the report of Employer's medical expert, Dr. Pardee, to find competent evidence to support the order denying the claim. Dr. Pardee concluded Claimant's carpal tunnel syndrome was not attributable to her employment by Stand–By because "[i]n my opinion, carpal tunnel syndrome cannot be produced by repetitive activity performed for less than six months. [Claimant] was employed by Stand–By Personnel for only three months." Claimant does not attack the admissibility or the probative value of Dr. Pardee's opinion in this review proceeding.[1]

¶ 4 Both *Tolbert* and *Hughes* involved cases where the record contained no medical

---

1. When the report was offered at trial, Claimant made only a general probative value objection.

2. In *Hughes*, the employer's medical evidence had been excluded, and the Court vacated a denial, concluding the claimant's unchallenged evidence showing an on-the-job injury required the trial court to award benefits. In *Tolbert*, the

evidence directly refuting that of the claimant.[2] They do not apply under the circumstances of this case. Dr. Pardee's opinion provides competent evidence to support the denial. Accordingly, the order is sustained. *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548.

SUSTAINED

HANSEN, P.J., and JONES, C.J., concur.

employer's medical expert agreed that based upon the claimant's history, his injury appeared to be work-related. Nevertheless, the Court affirmed a denial because other evidence in the record was sufficient to raise questions about claimant's credibility and whether his disability was the result of a prior injury.