2003 OK CIV APP 82

**INTERNATIONAL CRYSTAL MANU-FACTURING COMPANY and CNA Insurance Companies, Petitioners,**

v.

**Luvenia SHELTON and the Workers' Compensation Court, Respondents.**

No. 98,948.

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 26, 2003.

Angela Reinstein, Pierce Couch Hendrickson Baysinger & Green, L.L.P. Oklahoma City, OK, for Petitioners.

Walt Brune, Walt Brune, P.C., Ponca City, OK, and Sam Townley, Townley Law Group, Oklahoma City, OK, for Respondents.

Opinion by JERRY L. GOODMAN, Presiding Judge.

¶ 1 Employer, International Crystal Manufacturing Company, seeks review of the February 14, 2003, order of a three-judge panel affirming in part and modifying in part the trial court's October 7, 2002, order awarding workers' compensation benefits to Luvenia Shelton (Claimant). Based upon our review of the facts and applicable law, we sustain the order under review.

## FACTS

¶ 2 Claimant was injured August 28, 1997. While working for Employer as an accounting manager, she walked into a glass door, striking her left arm and shoulder. Her arm and hand immediately contracted into a drawn, closed position, so that she was unable to hold papers or use her arm. One week later, without a return of the arm's full mobility, and with Claimant experiencing extreme pain, she sought treatment. Claimant was examined by a series of doctors and diagnosed with reflex sympathetic dystrophy (RSD).

¶ 3 Following a hearing September 26, 2002, the trial court issued an order on October 7, 2002, finding Claimant had suffered injury to the left arm, left hand, and left shoulder, with subsequent RSD, and with psychological overlay. The trial court further found Claimant needed certain treatment modalities. A three-judge panel affirmed, except for certain modifications not at issue here. Employer seeks our review.

## STANDARD OF REVIEW

¶ 4 When we review the factual determinations of the Workers' Compensation Court, we apply the any-competent-evidence standard under which it is not our duty to weigh the evidence but, rather, to canvass the facts to determine whether the trial

court's decision is supported by competent evidence. *Hughes v. Cole Grain Co.*, 1998 OK 76, 964 P.2d 206; *Parks v. Norman Mun. Hosp.*, 1984 OK 53, 684 P.2d 548.

## ISSUES

### 1. Dorsal Column Stimulator and Morphine Pump

¶ 5 The trial court's order states:

-[12]-

THAT respondent's assertion that claimant's need for a dorsal column stimulator and for a morphine pump are [*sic*] not related to her accidental injury at respondent, are DENIED.

-[13]-

THAT respondent's assertion that certain medical treatment of the claimant, including the morphine pump, was unauthorized, is DENIED. The respondent did not authorize the treatment, but it was reasonable and necessary and is authorized by the Court.

-[14]-

THAT respondent shall provide the claimant with continuing prescription medication and maintenance of her dorsal column stimulator and morphine pump. . . .

These portions of the order were affirmed by the three-judge panel.

¶ 6 Employer's first proposition of error is that there is no competent evidence in the record to support these findings. Employer claims the stimulator and pump were unrelated to this injury and were inserted to treat a different part of the body. We find no merit to this proposition of error.

¶ 7 The extensive record reflects that Claimant was injured August 28, 1997, and within one week began experiencing pain. She began an extensive course of pain management treatment, and obtained some relief. She moved from Oklahoma to Arizona and, in 2001, began seeing Dr. Pattabi Kalyanam in Phoenix, who continued to treat her for pain, based upon his initial diagnosis of "left upper extremity complex regional pain syndrome (reflex sympathetic dystrophy.)" In December 2001, Dr. Kalyanam surgically inserted "trial epidural electrodes for spinal cord stimulation under fluoroscopy" which afforded Claimant some relief.

¶ 8 We next note Claimant's medical expert, Dr. Hugh McClure, opined in his deposition that the phrase "reflex sympathetic dystrophy" and "chronic pain syndrome" both refer to the same condition. The expert opined that Claimant's condition was directly related to, and caused by, "an obvious blow to the medial volar surface of the brachium, which would basically be directly over the nerve," occurring on August 28, 1997, the stipulated date of injury. In his March 26, 2002, report, the expert stated:

> It is my opinion that the injury Ms. Shelton sustained on August 28, 1997, while working for International Crystal Mfg., was the direct causation of the injuries to her left arm, left shoulder and body as a whole due to the results of the reflex sympathetic dystrophy. . . . It is also my opinion that, secondary to the injury and the secondary pain from the injury, she is now suffering from a chronic pain syndrome. . . .

Our review of the record reflects Claimant met her burden of proving a direct causal connection between the injury, the resulting chronic pain, and the necessity of the subsequent treatment modalities, including the surgical installation of the dorsal column stimulator and morphine pump. We find no merit to Employer's first proposition of error.

### 2. Unauthorized Medical Treatment

¶ 9 Employer's second proposition of error is that despite being told by Employer's insurance carrier that it would not authorize additional medical treatment, Claimant proceeded with "unauthorized" treatments, including surgical insertion of the dorsal column stimulator and morphine pump. Employer's argument is essentially that the trial court has no authority to order payment for medical treatments, if an employer's insurance carrier has previously de-

nied authorization for those treatments.[1] Employer submits no legal authority for this position, and we decline to adopt it. It is ultimately the province of the trial court, after a review of all the facts and law, to determine what is and is not necessary, reasonable, and, by extension—authorized— treatment.

¶ 10 The trial court's order, affirmed by the three-judge panel, found:

-[13]-

THAT respondent's assertion that certain medical treatment of the claimant, including the morphine pump, was unauthorized, is DENIED. The respondent did not authorize the treatment, but it was reasonable and necessary and is authorized by the Court.

¶ 11 Again, our review of the extensive medical record submitted in this case supports the trial court's finding that the so-called "unauthorized" treatment was necessary and reasonable to treat the compensable injuries suffered by Claimant. Employer's reply brief states that:

[T]he claimant only argues that the medical testimony of Dr. McClure addresses the issue of whether this medical treatment was reasonable and necessary. This is completely incorrect. Again, nowhere in Dr. McClure's report is this issue addressed, period.

We find this statement wholly unsupported in the record and would refer Employer to Dr. McClure's March 26, 2002, report which states, in relevant part:

It is my opinion, due to the subjective and objective symptomatology ... this individual *will be in need* of continuing medical care and any prescription medication necessary to maintain or prevent any further

deterioration of her present level of recovery.

She should be allowed to continue to see Dr. Kalyanum [*sic*] ... on at least a six to twelve times per year basis for follow-up examinations, treatment recommendations, and monitoring of her prescription medications.... It is further my opinion that she *will be in need* of any necessary durable medical equipment including a morphine pump and supplies....

* * * *

In my opinion, the patient *will continue to need* medical treatment and any prescription medication necessary to maintain or prevent any further deterioration of her present level of recovery....

* * * *

It is further my opinion that she *will be in need* of any necessary durable medical equipment, including a morphine pump and supplies.... (Emphasis added.)

¶ 12 Though Dr. McClure's report does not contain the precise words "necessary and reasonable," the import of his opinion is inescapable. Presumably, if a medical expert opines that a patient "needs" treatment, that treatment is by definition, "necessary." Further, it seems clear to this court that if a physician deems continued treatment is needed or necessary, then such treatment must therefore be reasonable. We can think of no situation where a physician could ethically prescribe necessary, but unreasonable treatment, or for that matter, could prescribe reasonable, but unnecessary treatment. Employer's argument is without merit.

### 3. Sufficiency of Evidence

¶ 13 Employer finally contends Dr. McClure's report is incompetent to support the trial court's finding that continued medical maintenance is required. Employer

---

1. Employer's brief in chief seems to suggest it is the Claimant's burden to prove that "medical treatment *was authorized and reasonable and necessary.*" (Emphasis added) We are not aware of any authority that requires a claimant to prove the additional fact that the medical treatment she received was authorized by the insurance carrier before the carrier would be required to pay for it. Taking this statement to its logical conclusion, an insurance carrier which routinely denied all medical treatment to injured workers would never be required to pay for any treatment, since a claimant could never prove the medical care was authorized. The need for evidentiary hearings to compel payment of medical expenses would be obviated. In effect, the decision to pay medical expenses would be made not by the Workers' Compensation Court, but by an insurance adjuster.

made a probative value objection to the report upon its submission into evidence. This objection was overruled by the trial court and the report was admitted. We find no merit to this proposition of error for the reasons set out above.

¶ 14 The February 14, 2003, order of the three-judge panel is sustained.

¶ 15 SUSTAINED.

REIF, J., and RAPP, J., concur.