2004 OK 80

**HEAT TRANSFER & EQUIPMENT and American Interstate Insurance Company, Petitioners,**

v.

**Gary CAUTHON and Workers' Compensation Court, Respondents.**

No. 99,446.

Supreme Court of Oklahoma.

Oct. 26, 2004.

Michael D. Gilliard, James B. Cassody, McGivern, Gilliard & Curthoys, Tulsa, OK, for Petitioners, Heat Transfer & Equipment and American Interstate Insurance.

Michael W. McGivern, Kelly M. Greenough, Perrine, McGivern, Redemann, Reid,

Berry & Taylor, P.L.L.C., Tulsa, OK, for Connecticut Indemnity Company.

Jack G. Zurawik, Pamela Morgan, Tulsa, OK, for Respondent, Gary Cauthon.

TAYLOR, J.

## I. ISSUE

¶ 1 The dispositive issue presented for our review is whether there is any competent evidence to support the Workers' Compensations Court's findings of fact. The petitioner asserts as a second issue whether the "last injurious exposure" rule of title 85, subsection 11(B)(4) of the Oklahoma Statute requires an employee claiming benefits for injury from an occupational disease to establish that the employee was not merely exposed to potentially causal conditions but that those conditions caused injury during the time of exposure.

## II. FACTS

¶ 2 The claimant, Gary Cauthon, worked as a welder-fitter for Heat Transfer & Equipment (Heat Transfer) from March of 1991 until May 15, 1999. On August 5, 1999, the claimant filed a Form 3 notice of injury and claim for compensation in the Workers' Compensation Court. He alleged that he had suffered injury to his lungs and to his nasal and immune systems caused from repetitive exposure to chemicals, dust, and other substances arising out of his employment with Heat Transfer.

¶ 3 Connecticut Indemnity (Connecticut) provided workers' compensation insurance coverage to Heat Transfer from April 1, 1997, until March 31, 1999. American Interstate Insurance Company (American) provided the coverage starting April 1, 1999, and was providing coverage on May 15, 1999, when the claimant left his employment with Heat Transfer. Both Connecticut and American deny responsibility for the claim. The issues in this appeal revolve around the disagreement between the insurance carriers about which one is liable for the claim.

¶ 4 The trial judge found that claimant's last injurious exposure was on May 15, 1999, and that American was responsible for pay-

ment of all of the claimant's benefits. A three-judge panel affirmed. The Court of Civil Appeals reversed and remanded. This Court granted the petition for writ of certiorari.

## III. STANDARD OF REVIEW

¶ 5 Review of factual findings is governed by the any-competent-evidence standard. *City of Norman v. Garza,* 2003 OK 111, ¶ 13, 83 P.3d 851, 855. In reviewing rulings of contested facts, an appellate court canvasses the record to determine only whether there is any competent evidence to support the lower court's factual findings. *Id.* American asserts this appeal also involves a question of law. Review of contested law is governed by a *de novo* standard. *Yeatman v. Northern Okla. Resource Center of Enid,* 2004 OK 27, ¶ 14, 89 P.3d 1095, 1100. In reviewing rulings of contested law, an appellate court exercises plenary, independent authority giving no deference to the lower court's decision. *Id.* at ¶ 14, 89 P.3d at 1101.

## IV. THE EVIDENCE

¶ 6 The claimant worked for Heat Transfer from March 1991 until May 1999 as a welder-fitter. He testified that, during this entire time, he was exposed to fumes, dust, and smoke related to his job and that he suffered respiratory problems as a result. During 1997 or 1998, Heat Transfer moved to a new location. The new location provided better ventilation. Although fumes and dust were less after the relocation, they still existed in the claimant's work area.

¶ 7 The claimant's medical expert, Dr. Jerry McKenzie, found that the claimant's "injury occurred from repetitive exposure to chemicals, fumes, and dust while employed by Heat Transfer Equipment, Inc. over a period of eight years." The expert noted that the claimant's last exposure was on or about May 15, 1999. Connecticut's medical expert opined that the claimant had sustained 10 percent permanent partial impairment for injuries to his lungs due to his employment at Heat Transfer from April 1, 1999 to May 15, 1999. In his initial report, American's medical expert found "[n]o indica-

tion of work-related injury." In a supplemental report, he apportioned any possible injury as 100 percent before April 1, 1999, and 0 percent thereafter.

¶8 American's objection at trial to Connecticut's medical report was that it was not credible with regards to apportionment. American's objection on appeal is that it is ridiculous and not supported by any of the other testimony or evidence submitted at trial. Neither of these objections destroys the probative value of Connecticut's report establishing May 15, 1999, to be the date of last injurious exposure. *See Whitener v. South Central Solid Waste Auth.*, 1989 OK 62, n. 1, 773 P.2d 1248, 1249 n. 1. Accordingly the report is competent evidence supporting the Workers' Compensation Court's finding that the date of the claimant's last injurious exposure was indeed May 15, 1999.

¶9 American makes much ado about the fact that the claimant worked for Heat Transfer for only 31 days during the time it provided coverage. Except in the case of silicosis or asbestosis, title 85, section 11(B)(4)'s last injurious exposure rule does not have a minimum quantity or quality of exposure before the last employer is liable for the occupational disease. 85 O.S.2001, § 11(B)(4). American relies heavily on the fact that the exposure values for welding fumes were within OSHA's permissible exposure levels during the period of its coverage. It also argues the evidence supporting the trial judge's decision was not credible.

¶10 American is asking this court to reconsider the weight and quality of the evidence. The Workers' Compensation Court found that the last date of injurious exposure was May 15, 1999. This finding is supported by competent evidence. We will not ignore the statutory rule that "[c]onflicting evidence is never weighed by [this court] to determine weight and credibility in relation to questions of fact." *National Zinc Co. v. Fowler*, 1979 OK 36, ¶8, 591 P.2d 1264, 1266. The existence of evidence supporting a conclusion contrary to that of the Workers' Compensation Court is immaterial as applied to its findings of fact. *Id.*

## IV. TITLE 85, SECTION 11(B)(4)'S LAST INJURIOUS EXPOSURE RULE

¶11 Title 85, section 11(B) provides:

Liability of any person, firm, or corporation having an interest in the subject matter, employers and contracting employers, general or intermediate, for compensation under the Workers' Compensation Act, when other than the immediate employer of the injured employee, shall be as follows:

. . . .

4. Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease **and the insurance carrier,** if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier. . . .

(Emphasis added.)

¶12 American states that one issue is whether section 11(B)(4) requires the claimant to prove, in addition to exposure to harmful conditions, that the exposure was injurious. Section 11(B)(4) places the burden on the claimant to show that the last exposure to harmful conditions caused or contributed to the injury. The last injurious exposure rule relieves the employee of proving the allocation of liability among successive employers and their insurance carriers. *Parks v. Flint Steel Corp.*, 1988 OK 64, ¶11, 755 P.2d 680, 683.

¶13 In cases of occupational disease, a claimant may establish a presumptive date of last injurious exposure and, thus, the employer's and insurance carrier's presumptive liability by showing potentially causal conditions or contributory exposure at the employment. *Id.* After an employee submits evidence of potentially causal conditions or contributory conditions at the employment, the burden of putting forth evidence shifts to the employer and insurance carrier. The employer may rebut the presumption by proof (1) that the conditions of the employment could not have possibly caused or exac-

erbated the disease or (2) that the disease was caused solely by the employment conditions at a previous employment, or for the insurance carrier, the conditions occurred during a time outside of its coverage. *See* 85 O.S.2001, § 11(B)(4); *Parks v. Flint Steel Corp.*, 1988 OK 64 at ¶ 11, 755 P.2d at 683. The burden of putting forth evidence then is placed back on the claimant to show that the last exposure caused or contributed to the injury.

¶ 14 This presumption does not shift the burden of proof from the claimant, but creates a rebuttable presumption which shifts the burden of producing evidence. *Hall v. Jestes,* 1998 OK 8, n. 22, 953 P.2d 1111, 1118 n. 22. Because there was competent evidence that the last date of injurious exposure occurred on May 15, 1999, American's insertion of this issue is without merit.

### III. CONCLUSION

¶ 15 The Workers' Compensation Court's finding that the date of last injurious exposure was May 15, 1999, is supported by competent evidence. The Workers' Compensation Court's order is sustained, and the Court of Civil Appeals' opinion is vacated.

COURT OF CIVIL APPEALS' OPINION VACATED; ORDER OF WORKERS' COMPENSATION COURT SUSTAINED.

¶ 16 WATT, C.J., LAVENDER, HARGRAVE, KAUGER, WINCHESTER, EDMONDSON, JJ., concur.

¶ 17 OPALA, V.C.J., concurs in part; dissents in part.

¶ 18 COLBERT, J., disqualified.