2006 OK CIV APP 66

**Porter NEEL (Neal), Petitioner,**

v.

**AMERICAN WOODMARK CORP., St. Paul Travelers Insurance Company, and the Workers' Compensation Court, Respondents.**

**No. 102,422.**

Court of Civil Appeals of Oklahoma, Division No. 2.

May 2, 2006.

Michael R. Green, Donald G. Hopkins, Law Offices of Michael R. Green, Tulsa, OK, for Petitioner.

David P. Reid, Perrine, McGivern, Redemann, Reid, Berry & Taylor, PLLC, Tulsa, OK, for Respondents.

Opinion by JANE P. WISEMAN, Presiding Judge.

¶ 1 Claimant, Porter Neel,[1] seeks review of an order of a three-judge panel of the workers' compensation court affirming the trial court's denial of his claim against Respondent, American Woodmark Corporation, pursuant to 85 O.S.2001 § 11(B)(5). The issue on appeal is whether the finding that Respondent was not Claimant's employer for the last 90 days of injurious exposure is supported by competent evidence. We find that it is and affirm.

¶ 2 Prior to working for Respondent, Claimant worked as a furniture builder for La–Z–Boy, where he began experiencing problems with his hands during the last six to eight months of his employment. Claimant began working for Respondent in March 2003 building cabinets, which required him to use his hands for eight to ten hours daily. On May 15, 2003, he was diagnosed with carpal tunnel syndrome and first reported his hand problems to Respondent on May 29, 2003. He continued to work for Respondent until October 15, 2003, when he left due to the problems with his hands. When Claimant left employment at Respondent, he was having cramping, numbness, loss of feeling, and aching in his hands.

¶ 3 In March 2004, Claimant began building a barbed wire fence for his uncle, Scott Shroff; he last worked on the fence in January 2005.[2] The fence-building job has required him to dig post holes and will later require him to stretch wire. Regarding the effect that the fence building has on his hands, Claimant gave the following testimony:

Q. Okay. Now, in your deposition, you said that your elbow had gotten better since you quit working at Woodmark, but your hands had not. Is that right?

A. Yes.

Q. And your hands are worse even you said, since you left Woodmark?

A. Yes.

Q. You also said that when you were asked about were there any activities that you do where you notice the problems, it was when you were building the fence and driving the fence posts is when you would notice problems; is that right?

A. They bother me all the time, you know.

Q. But I mean, when you notice your hands getting worse is when you're driving fence posts?

A. Yes.

Q. Okay. And how would you describe your condition of your hands now versus when you left American Woodmark?

A. Pretty much the same.

Q. .... Are they worse in some ways, better in some ways?

A. Yes.

Q. So worse in some ways and better in some ways?

A. Worse.

Q. What do you think has caused them to get worse?

A. Continuous use of them.

Q. Even after you left?

A. Oh, no.

Q. Okay. What do you think has caused them to get worse since you left?

A. I don't know.

. . . .

Q. Would it be fair to say use of your hands causes you to notice a problem?

A. Yeah.

---

1. The court filings list Claimant's surname as Neal; the correct spelling is Neel according to Claimant's signature on the Form 3 and employment and medical records.

2. After leaving Respondent's employ, Claimant also worked for his father taking care of horses for at least two months and for a friend hauling hay for two days.

Q. No matter what you're doing?

A. Yes.

¶ 4 Claimant sought workers' compensation benefits from Respondent for cumulative trauma injury to his hands, claiming last date of exposure as the day he left Respondent's employ. Respondent denied the claim, arguing that, under 85 O.S.2001 § 11(B)(5), Respondent was not the employer for the last 90 days of injurious exposure to cumulative trauma. The trial court denied Claimant's claim, observing that "claimant testified during his deposition that his hands were worse since learning [*sic*] the employment of respondent ... and that he noticed his hands getting worse while building the fence for Scott Shroff." The court concluded that "claimant was exposed to trauma (driving fence posts and building a fence) during a period of at least ninety days (from March 9, 2004 to January 19, 2005) while employed by Scott Shroff." On Claimant's appeal, a three-judge panel affirmed the trial court's order. Claimant now seeks review of the panel's order.

■ ¶ 5 In establishing that an injury arose out of employment, a claimant bears "a two-pronged pattern of proof: (1) the claimant must show by lay testimony the nature of the work performed at the time of injury and (2) there must be expert medical opinion which establishes a nexus between that activity and the disability for which compensation is sought." *Hughes v. Cole Grain Co.*, 1998 OK 76, ¶ 6, 964 P.2d 206, 208. If the claimant meets this burden of producing evidence, the employer must present some competent evidence to refute the claimant's evidence. *Id.* at ¶¶ 9–10, 964 P.2d at 209. An employer may meet this burden through competent lay testimony establishing that a causal relationship does not exist between the alleged injuries and claimant's employment. *Emery v. Wal–Mart Super Center No. 576*, 2000 OK CIV APP 4, ¶ 11, 2 P.3d 898, 901 (in a claim for injury to both feet, employer refuted claimant's evidence with claimant's own testimony of "walking outside employment").

■ ¶ 6 If there is any competent evidence to support the workers' compensation court's finding that an injury did not arise out of employment, it will be affirmed because an appellate court cannot "reweigh the evidence to determine where the clear weight lies, but may only canvas the evidence to determine if the court's order is supported by competent evidence." *Id.*

■ ¶ 7 A similar pattern of proof applies to claims falling under § 11(B)(5) for injuries resulting from cumulative trauma where injurious exposure occurred during successive employments. Section 11(B)(5) provides in relevant part as follows:

Where compensation is payable for an injury resulting from cumulative trauma, the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more, and the insurance carrier, if any, on the risk when the employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier.

For cumulative trauma injury, the claimant must present lay testimony of the nature of the work that exposed him to the cumulative trauma injury and expert medical evidence establishing a nexus between the activity and the disability for which compensation is sought. *Cf. Hughes,* 1998 OK 76 at ¶ 6, 964 P.2d at 208. The employer against whom the claimant is proceeding may refute the claimant's evidence with evidence that the conditions of employment could not have caused the injury, or that the injury was caused by exposure during the last 90 days of employment with another employer. *Cf. Heat Transfer & Equip. v. Cauthon,* 2004 OK 80, ¶ 13, 100 P.3d 722, 725–26 (applying § 11(B)(4), which imposes liability on the last employer in whose employment the claimant was exposed to the hazard of an occupational disease).

■ ¶ 8 Fact issues arising under § 11(B)(5) are "governed by the any-competent-evidence standard." *Cf. id.* at ¶ 5, 100 P.3d at 724. In a claim based on cumulative trauma, the issue of who is "the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more" presents a question of fact. *Cf. id.*

¶ 9 Claimant met his burden of producing evidence that he was exposed to cumulative trauma while employed by Respondent. He testified that his job of building cabinets for Respondent required him to use his hands daily for eight to ten hours; he was diagnosed with carpal tunnel syndrome while employed by Respondent; and, when he left Respondent's employ, he was having cramping, numbness, loss of feeling, and aching in his hands. Claimant also presented expert medical evidence that he "sustained injury to his hands directly as a result of the continuous and repetitive use of his hands while employed by [Respondent], last exposure, October of 2003."

¶ 10 The burden then shifted to Respondent to refute Claimant's evidence. Respondent met this obligation with Claimant's testimony that he was exposed to cumulative trauma to his hands while building a fence for Scott Shroff during a period of more than 90 days. Claimant testified that he notices his hands getting worse when he is driving fence posts, that his hands are worse since he left Respondent's employ, and that his hands have gotten worse because of continuous use of them. This is competent evidence to support a finding that Scott Shroff is "the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more." Respondent is therefore not liable for Claimant's injury.

¶ 11 Claimant argues that Respondent presented no medical evidence to support a finding that Claimant was injuriously exposed to cumulative trauma while working for Shroff.[3] Respondent presented competent evidence, albeit lay testimony from Claimant himself, that Claimant was exposed to cumulative trauma to his hands while working for Shroff. This was sufficient to refute Claimant's evidence, as "Oklahoma's jurisprudence does not impose upon an employer an affirmative obligation to prove by competent medical evidence that a causal relationship does *not* exist between an alleged injury and employment." *Hughes,* 1998 OK 76 at ¶ 9, 964 P.2d at 209; *cf. Emery,* 2000 OK CIV APP 4 at ¶ 10, 2 P.3d at 901.

¶ 12 Claimant further argues there is no competent evidence to support a finding that he was an employee of Shroff or that Shroff was subject to the Workers' Compensation Act.[4] We decline to address these arguments because Claimant did not raise them before the trial court. At trial, Claimant's counsel presented the issues to be tried as whether Claimant sustained cumulative trauma with last date of exposure of October 15, 2003, and whether Claimant was temporarily totally disabled and entitled to continuing medical care. Despite Respondent's defense that Claimant was last exposed to cumulative trauma while working for Shroff for more than 90 days, Claimant did not argue that he could not be considered an employee of Shroff or that Shroff was exempt from the Workers' Compensation Act. Because Claimant did not raise the issues at trial, Respondent had no opportunity to respond to them. "An appellant cannot prevail or seek review on a theory not presented below." *TRW/Reda Pump v. Brewington,* 1992 OK 31, ¶ 20, 829 P.2d 15, 24.

¶ 13 We sustain the panel's affirmance of the trial court's denial of Claimant's claim, because there is competent evidence to support a finding that Scott Shroff was Claimant's employer for the last 90 days of his injurious exposure to cumulative trauma to his hands.

¶ 14 SUSTAINED.

GOODMAN, J., and GABBARD, J. (sitting by designation), concur.

---

3. Respondent's expert stated his opinion that Claimant's injuries occurred while he was working for La–Z–Boy.

4. Claimant argues that Shroff was exempted from the Act under 85 O.S.2001 § 2.6 (exempting "[a]n employer with five or less total employ-

ees, all of whom are related by blood or marriage to the employer") and 85 O.S.2001 § 11(B)(3) (exempting certain single-family, residential dwelling owners and farmers). Claimant argues that he and Shroff did not form an employee relationship.