J. B. CHAMPION, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

Nos. A–14649 to A–14651.

Court of Criminal Appeals of Oklahoma.

May 21, 1969.

Rehearings Denied July 23, 1969.

J. B. Champion, Jr., Ardmore, for plaintiff in error.

G. T. Blankenship, Atty. Gen., David L. Russell, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

This is an appeal from a citation for direct contempt of Court imposed upon Mr. J. B. Champion, Jr., an attorney in Ard-

more, Oklahoma, by District Judge Kenneth Shilling, of the Twentieth Judicial District of Oklahoma. The citation is essentially premised upon the attorney's actions and comments made in the presence of the trial court during the proceedings which preceded the trial of E. K. Bearden, on a charge of murder. See: Bearden v. State, Okl.Cr. See Also: Crumb v. State, Okl. Cr.

Having just completed the consideration of both of those appeals, the total circumstances referred to by the trial judge are fresh in the minds of the members of this Court. For the purpose of this opinion, it will not be necessary to recite in detail the cumulation of circumstances which resulted in the citation for direct contempt imposed upon the petitioner herein.

Title 21 O.S.A. § 565 provides in part, as follows:

"   *   *   *   Direct contempts shall consist of disorderly or insolvent behavior committed during the session of the court and in its immediate view, and presence, *   *   *."

Suffice it to state that the district judge enumerated five different incidents and remarks, upon which he based his citation, when he held a hearing at the conclusion of the Bearden trial. In response to the citation, Mr. Champion defended himself on the basis of his being ill, and stated that he was either unable to appear in court at the designated times, or was unable to properly respond to the questions put to him, because of that illness. In addition, the attorney made an apology to the Judge in open court at the hearing and personally in chambers. He also filed an apology in the record of the case. Because of the apology, the Judge reiterated, the punishment would be less than what it would have originally been. Consequently, on November 27, 1968, judgment and sentence of the court was formally entered against the attorney, and he was ordered to pay a $250.00 fine.

We have carefully reviewed the transcript of the record and the hearing submitted with the petition in error, as well as the briefs submitted by both the plaintiff in error and the State. After carefully considering this matter, we can reach no other conclusion than to find that the charge of direct contempt was properly laid.

In Fulreader v. State, Okl., 408 P. 2d 775, the Oklahoma Supreme Court provided that disorderly or insolent behavior mentioned in the statute [21 O.S.1961, § 565] refers to tumultuous, insulting or disrespectful conduct. Likewise, this Court provided in the matter, In Re Young, Okl. Cr., 325 P.2d 85:

"Power of courts to punish for direct contempt is so indispensable that its just exercise, so far as it may be necessary for due protection of courts, is not questioned."

As we view the entire record, counsel's "uncalled for" remark to the Judge, while he testified voluntarily in behalf of his motion for continuance, was sufficient alone to warrant the direct contempt citation. When an attorney assumes the position of witness, voluntarily or involuntarily, he is subject to the same rules of conduct any other witness may be held to obey. Likewise, he may be required to answer proper questions put to him by the examiner. In this instance, counsel did not properly respond to the question put to him by the district attorney; and when admonished by the judge that he must answer the question, his discourteous response to the judge's admonishment—standing alone —was sufficient to warrant the citation. Consequently, this coupled with the other four specific references entered into the record was certainly sufficient to warrant the court's action.

We are therefore of the opinion, after having carefully considered this matter, that the judgment and sentence of the District Court of Carter County, Oklahoma, in this case should be affirmed.

We are further of the opinion that the two appeals, attempted by Plaintiff in Error, to Wit: No. A–14650, and No. A–

14651, are prematurely filed. It is therefore ordered that said appeals shall be dismissed.

BUSSEY and NIX, JJ., concur.