2012 OK CIV APP 35

**DURANT METAL SHREDDING and Old Glory Insurance Co., Petitioners,**

v.

**Joseph STAPLETON and The Workers' Compensation Court, Respondent.**

No. 109,599.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 10, 2012.

Cathy C. Barnum, Barnum & Clinton, PLLC, Norman, OK, for Petitioners.

Richard A. Bell, Heather A. Lehman, The Bell Law Firm, Norman, OK, for Respondent.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Durant Metal Shredding and Old Glory Insurance Co. (collectively, Employer) appeal from an order of the Workers' Compensation Court, which found Joseph Stapleton (Stapleton) sustained a compensable injury. We hold the trial court's determination that Stapleton's claim was compensable as arising out of and in the course of the claimant's employment is against the clear weight of the evidence. The physical altercation with a co-employee that caused Stapleton's injury constituted "a prank, horseplay, or similar willful or intentional behavior" and is not a compensable injury according to 85 O.S.Supp.2010 § 11(A)(4). Therefore, we vacate the order of the Workers' Compensation Court.

¶ 2 On July 13, 2010, Stapleton and co-employee Jeremy Brown (Brown) had a physical altercation at work. Stapleton's head, face, and jaw were injured in the fight. Stapleton filed his Form 3 August 24, 2010. Employer timely denied compensability and asserted that Stapleton's injuries were the result of non-work-related mutual combat for which the Employer was not liable according to 85 O.S. §§ 11(A)(1) and 11(A)(4).

¶ 3 The case proceeded to trial May 26, 2011. Testimony revealed Stapleton and Brown had a long history of verbal altercations. Just before the physical fight, Stapleton and Brown were yelling at each other. Stapleton testified that Brown told Stapleton he was going to "kick his butt." Stapleton responded by challenging Brown to "kick his

butt."[1]  Ricky Evans, another employee, testified that just before the fight, he saw Stapleton give Brown the finger and tell him, "F you."  Evans also testified that Stapleton said to Brown, "I'll whip your ass."  Stapleton claimed that he had exited the loading equipment he was working on and was walking toward the office to ask a question when Brown, standing in the path to the office, began hitting him.  Stapleton recalled Brown hitting him five to seven times and that he never hit Brown.  Brown did not testify during the trial.  Mary Fulton, the office manager, assisted Stapleton after the fight.  Fulton testified that immediately after the fight, Stapleton said that "he was going to beat up Jeremy Brown, but that Jeremy won.  He said that he was sorry that he started trouble.  He said that he wished he had never gotten down off the loader."  Stapleton underwent surgery and was treated for his head, neck, and jaw injuries.  Employer fired both Stapleton and Brown for fighting on the job.

¶ 4  The trial court rejected Employer's mutual combat defense and found that Stapleton had sustained a compensable work-related injury.  The trial court noted that "[Stapleton] was injured by an unprovoked attack of a co-employee. . . .  On JULY 13, 2010, [Stapleton] told his attacker to "kick his [butt]" and flipped him the bird."  The trial court determined that "the invitation for aggression coupled with the act of flipping 'the bird' does not meet 85 O.S. § 11(A)(1)" and that an unprovoked attack can also not be considered prank, horseplay, or other willful or intentional behavior pursuant to 85 O.S. § 11(A)(4).

¶ 5  Employer now seeks review.  The issue on appeal is whether Stapleton sustained a compensable injury.[2]  We review the record to determine whether the trial court's order was against the clear weight of the evidence.  85 O.S.2011 § 340(D).

¶ 6  Employer's defense was based on the exceptions to compensability provided in § 11(A)(1) and § 11(A)(4) of the Workers' Compensation Act.  According to the statute, employers are required to provide compensation for the disability or death of an employer resulting from an accidental personal injury sustained by the employee arising out of and in the course of employment, *unless:* "1. An injury is occasioned by the willful intention of the injured employee to bring about injury to himself or herself, or another;  . . . 4. Except for innocent victims, an injury caused by a prank, horseplay, or similar willful or intentional behavior."  85 O.S. §§ 11(A)(1), (4).

¶ 7  We hold that Stapleton's injury is not compensable because his injury was caused by "a prank, horseplay, or similar willful or intentional behavior," and Stapleton was not an "innocent victim."[3]  In *HAC, Inc. v. Box,* the Supreme Court of Oklahoma interpreted the term "innocent victim," used in § 11(A)(4), and clarified the horseplay rule:

> Today, we determine that an employee who is injured by a co-employee's prank or horseplay is an innocent victim and entitled to workers' compensation under 85 O.S.2001, § 11(A)(4) if there is proof that the injured employee did not initiate the prank or horseplay and did not voluntarily participate in the prank or horseplay, or that the injured employee's only involvement in the horseplay incident was exclusively directed at escaping or avoiding the horseplay.

2010 OK 89, ¶ 11, 245 P.3d 609, 613–14.  The claimant in *HAC* worked at a grocery store and was on aisle ten.  *Id.* ¶ 4, at 611.  A co-employee working on aisle nine stood at the end of aisle ten and threw a roll of toilet paper at the claimant, which hit his head.  *Id.*  The claimant then went to aisle nine where the co-employee was working and yelled his name.  *Id.*  The claimant and co-employee scuffled.  *Id.*  Claimant tried to get away and both men fell to the floor, injuring

---

1.  Stapleton testified that "I told him to kick my butt."

2.  Employer also asks that, if this Court holds Stapleton's injury was compensable, we review the continuing medical maintenance, vocational benefits, and permanent partial disability awards.  Because we hold that Stapleton did not

sustain a compensable injury, we do not address these issues on appeal.

3.  Because § 11(A)(4) provides a basis for vacating the order, we express no opinion as to whether § 11(A)(1) applies to these facts.

claimant's arm. *Id.* The trial court found the claimant was an innocent victim of horseplay and had sustained a compensable work-related injury. *HAC,* ¶ 6, at 612. A three-judge panel of the Workers' Compensation Court and the Court of Civil Appeals affirmed. *Id.* The Oklahoma Supreme Court vacated the award, holding that the trial court's finding of fact that the claimant was an innocent victim in the horseplay incident was not supported by competent evidence and that the panel erred as a matter of law in finding that the trial court's order was not against the clear weight of the evidence. *Id.* ¶ 1, at 611.

¶ 8 The Court explained that under the statute, "an award of workers' compensation for injury caused by a co-employee's horseplay must be supported by proof that the injured employee was an innocent victim." *Id.* ¶ 10, at 613. In *HAC,* the co-employee initiated the horseplay by throwing the roll of toilet paper, and the claimant testified that he abandoned his assigned work and was messing around with his co-employee when the injury occurred. *Id.* ¶¶ 15–16, 614–15. The claimant also testified that his co-employee grabbed him first. *Id.* ¶ 15, at 614. The Court held that the "undisputed testimony shows that once the co-employee initiated the horseplay by throwing the roll of toilet paper, [the claimant] left his work station against his supervisor's instruction and actively joined in the horseplay by pursuing the employee." *HAC,* ¶ 17, at 616. Near the time of the injury, the claimant stated that he and the co-employee were roughhousing when he was injured. *Id.* ¶ 19, 616. Based on the claimant's own testimony, the Court concluded that "his behavior can only be viewed as voluntary participation in horseplay that was wholly independent of and disconnected from his employment duties." *Id.*

¶ 9 According to *HAC,* Stapleton must provide proof that (1) he did not initiate the prank, horseplay, or similar willful or intentional behavior; *and* (2) he did not voluntarily participate in the prank, horseplay, or similar willful or intentional behavior. *See HAC,* ¶ 11, at 613–14.[4] If Stapleton was

either the initiator of the fight or a voluntary participant in the fight, his injury is not compensable.

¶ 10 Stapleton argues that he was not the initiator and Brown's attack was unprovoked. However, at trial, Stapleton admitted that he challenged Brown to "kick his butt," a witness testified that he heard Stapleton use provocative language and gestures, and another witness testified that after the fight, Stapleton said he was sorry that he started the fight. The only evidence suggesting Stapleton did not initiate the fight was his testimony that five to ten minutes passed between their verbal altercation and the physical fight and that Brown's punch came as a surprise. The trial court's finding that the attack was unprovoked is against the clear weight of the evidence. Furthermore, it is inconsistent with the trial court's other findings that Stapleton told his attacker to "kick his butt" and gave him the finger immediately before the fight.

¶ 11 Under *HAC,* even if Stapleton was not the initiator, if he was a voluntary participant, his injury is not compensable. The evidence suggesting Stapleton initiated the fight also suggests Stapleton was a voluntary participant in the fight. Stapleton argues that he was not a voluntary participant because he did not throw a punch. This argument is not persuasive. The "losing" participant in a fight is nonetheless a voluntary participant in the fight. The evidence does not suggest Stapleton was blindsided by Brown. Stapleton admits he challenged Brown to "kick his butt." Stapleton's behavior reflects voluntary participation in horseplay that was independent of and disconnected from his employment duties. The clear weight of the evidence reveals Stapleton was a voluntary participant in the fight. Stapleton's injury was caused by a fight with a co-employee, and Stapleton was not an innocent victim. The § 11(A)(4) horseplay exception to compensability applies, and Stapleton is not entitled to compensation.

¶ 12 The trial court's finding that Stapleton sustained a compensable injury is against clear weight of the evidence. According to

---

4. Stapleton does not argue on appeal that his only involvement in the horseplay incident was

exclusively directed at escaping or avoiding the horseplay.

85 O.S. § 11(A)(4), Stapleton is not entitled to compensation. Therefore, we vacate the order of the Workers' Compensation Court.

¶ 13 VACATED.

JOPLIN, V.C.J., and MITCHELL, J. (sitting by designation), concur.