2012 OK CIV APP 59

**Charles McGUIRE, Petitioner,**

v.

**N. GLANTZ & SONS LLC, National Fire Insurance Company of Hartford and The Workers' Compensation Court, Respondents.**

No. 109,817.

Court of Civil Appeals of Oklahoma, Division No. 4.

April 20, 2012.

Rehearing Granted May 18, 2012.

Susan H. Jones, Toon Osmond, P.L.L.C., Tulsa, OK, for Petitioner.

J.R. Schneider, Pierce, Couch, Henrickson, Baysinger & Green, LLP, Oklahoma City, OK, for Respondents.

JERRY L. GOODMAN, Presiding Judge.

¶1 Claimant Charles McGuire seeks review of a three-judge panel's August 10, 2011, order vacating his award for benefits. We sustain the order under review.

## FACTS

¶2 This is the second appeal arising from Claimant's claim for workers' compensation benefits arising out of an alleged work-related injury. The facts are set out in *McGuire v. N. Glantz & Son, LLC,* 2010 OK 74, 242 P.3d 530, and so will not be set out at length.

¶3 Claimant alleged he contracted Hepatitis A from one of several restaurants while on a job assignment as a driver for Employer N. Glantz & Son, LLC. The trial court found the disease to be work-related and awarded benefits, a decision later vacated by a three-judge panel. The panel's decision, in turn, was reviewed by this Court in an unpublished opinion, No. 105,948, *McGuire v. Glanz.* We held the panel's given reason for vacating the trial court's order was too vague for adequate appellate review because the panel addressed neither the legal nor factual issues raised by the parties. We vacated the panel's order, reinstated the trial court's order, and remanded the matter for further proceedings.

¶4 Employer sought certiorari to the Oklahoma Supreme Court, which was granted. The Supreme Court agreed with this Court that the panel's order was too vague for review, but remanded the matter to the panel, posing specific questions to be answered.

¶5 The McGuire Court stated:

On remand, the three-judge panel shall make specific findings of the law and facts

it finds were contrary to law and against the clear weight of the evidence during its review of the trial court's order. Only then can this Court provide a meaningful review of the panel's legal conclusions and factual determinations. Does the three-judge panel reject the finding of the trial court that the claimant sustained an accidental personal injury in the nature of hepatitis A, arising out of the course of his employment? The claimant's physician testified that the claimant had hepatitis A and hepatitis C. Does the three-judge panel reject the finding that the hepatitis A caused a consequential injury to the abdomen (gall bladder, liver and abdominal hernia) due to surgery? Does the three-judge panel reject the finding that the respondents' notice defense was overcome by testimony that the claimant's wife gave sufficient notice? Such questions must be answered before this Court can meaningfully review the order.

*McGuire, Id.* at ¶ 12, 242 P.3d at 533.

¶ 6 Following remand, the three-judge panel answered those questions in an order filed August 10, 2011, which states:

1. *Does the three-judge panel reject the finding of the of the [sic] trial court that the claimant sustained an accidental personal injury in the nature of hepatitis A, arising out of the course of his employment?*

–3–

The Three Judge Panel finds no Hepatitis A exposure arising out of or in the course of claimant's employment with respondent. There is no objective medical evidence establishing any work related Hepatitis A exposure in this case. Therefore, the Three Judge Panel does reject and reverses the finding of the Trial Court that claimant sustained an accidental personal injury in the nature of hepatitis A arising out of the course of his employment.

2. *The claimant's physician testified that the claimant had hepatitis A and hepatitis C. Does the three-judge panel reject the finding that the hepatitis A caused a consequential injury to the abdomen (gall bladder, liver and abdominal hernia due to surgery? [sic]*

–4–

The claimant did not allege any work related Hepatitis C exposure. The Court finds since there was no showing of Hepatitis A work related exposure the issue of consequential injury is also denied as the Hepatitis A exposure claim is DENIED.

3. *Does the three-judge panel reject the finding that the respondents' notice defense was overcome by testimony that the claimant's wife gave sufficient notice?*

–5–

The Three Judge Panel does not rely on a lack of notice in reaching its decision.

–6–

THEREFORE, due to the foregoing, the claimant's claim is DENIED.

(Italics in original)

¶ 7 Claimant seeks our review.

## STANDARD OF REVIEW

¶ 8 When the order of the trial court is vacated by the three-judge panel, the trial court's order stands replaced with that of the review panel so that there is never more than one final decision to be reviewed in the appellate courts. *McGuire, Id.* at ¶ 7, 242 P.3d at 532 citing *Parks v. Norman Municipal Hospital,* 1984 OK 53, ¶ 11, 684 P.2d 548, 551.

¶ 9 Claimant's petition for review was commenced August 30, 2011, after the August 26, 2011, effective date of 85 O.S.2011, § 340, which sets out the standard of review in an action for review commenced after its effective date. Therefore, we:

may modify, reverse, remand for rehearing, or set aside the order or award upon any of the following grounds:

1. The Court acted without or in excess of its powers;

2. The order or award was contrary to law;

3. The order or award was procured by fraud; or

4. The order or award was against the clear weight of the evidence.

*Id.* § 340(D).

¶ 10 We therefore review the panel's order to determine if it is against the clear weight of the evidence.

## ANALYSIS

¶ 11 Claimant's physician's deposition testimony reflects that he believes Claimant contracted Hepatitis C at birth from his parents, but contracted Hepatitis A through an "almost exclusive oral fecal route." Hepatitis A takes two to four weeks to generate symptoms once it enters the body. It can be transmitted, according to the doctor, by contaminated food, fruits, or vegetables, shaking hands, person-to-person contact, sneezing, coughing, or contaminated water sources. The doctor testified he could not say how Claimant contracted the virus. But, given the time frame in which he contracted it, the fact Claimant only ate at restaurants while on the job, and that nobody at his home contracted the virus, the doctor agreed with Claimant that he contracted the virus while working for Employer. However, the doctor admitted he did not know exactly where the virus was contracted, and could not state with any reasonable medical certainty that Claimant contracted the virus at any particular facility during his work activities, though Claimant was in a "position of exposure" while on the road. Claimant's expert concluded:

[ ]It's on the basis of the exposure to the locations that have a high risk of that type of operation and infection, in the absence of any other definable, documentable source for it other than that.

¶ 12 Employer's medical expert agreed Hepatitis A is conveyed via the oral fecal route. Noting there were no reported outbreaks of Hepatitis A in the locations and times alleged by Claimant, the expert opined Claimant fell victim to sporadic Hepatitis A, occurring from contact with infected fruits, vegetables, or other food products. Eating at home does not protect him from exposure any more than the public has from the general background exposure of the disease. Therefore, Employer's expert concluded the exposure could not be considered work-related.

¶ 13 An independent medical examiner (IME) opined that there were no reported outbreaks of Hepatitis A in Oklahoma in 2004 related to restaurants or food preparation. Those cases which were reported included persons in close contact with known carriers of Hepatitis A; some were drug users; other ate raw fish. Most simply had no idea how they contracted it. The IME opined that while Claimant could have gotten the disease in a restaurant as he claimed, he likewise could have gotten it at home or, "He could have unwittingly met someone and shook their hand and contracted it that way. There are many possible sources." Those sources include seafood, green onions, raspberries, and iced tea. The IME report concluded: "[Hepatitis A] does still exist in sporadic settings. I am not aware of any recent epidemics of Hepatitis A in Oklahoma although it certainly is possible one could have gone undetected. However, to say that he acquired this particular disease in a restaurant would be speculation."

¶ 14 The trial court found all this evidence sufficient to conclude Claimant's viral infection was work-related. The panel, however, found this evidence insufficient to support such a conclusion, and specifically rejected the trial court's finding of fact as set out above. Instead, it held:

The Three Judge Panel finds no Hepatitis A exposure arising out of or in the course of claimant's employment with respondent. There is no objective medical evidence establishing any work related Hepatitis A exposure in this case. Therefore, the Three Judge Panel does reject and reverses the finding of the Trial Court that claimant sustained an accidental personal injury in the nature of hepatitis A arising out of the course of his employment.

¶ 15 Our review of the panel's decision reflects it is not against the clear weight of the evidence, and we therefore sustain the order under review.

¶ 16 **SUSTAINED.**

RAPP, J., and THORNBRUGH, J., concur.