2012 OK CIV APP 92

**Jeffery Blaine HARVEY, Petitioner/Counter–Respondent,**

v.

**AUTO PLUS OF WOODWARD, Acadia Insurance Company, and the Oklahoma Workers' Compensation Court, Respondents/Counter–Petitioners.**

**Nos. 109,803, 109,805.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 13, 2012.

**412**

Daniel J. Talbot, Halley, Talbot & Smithton, Oklahoma City, Oklahoma, for Petitioner/Counter–Respondent.

Jerrod Geiger, Pierce Couch Hendrickson Baysinger & Green, L.L.P., Oklahoma City, Oklahoma, for Respondent/Counter–Petitioner.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Petitioner/Counter–Respondent Jeffery Blaine Harvey (Claimant) appeals an order of a three-judge panel of the Workers' Compensation Court affirming the trial court's order. Claimant asserts that Respondents/Counter-Petitioners Auto Plus of Woodward and Acadia Insurance Company (collectively, Employer) waived a defense based on 85 O.S.Supp.2010 § 11(B)(5),[1] because it was not specifically pleaded in a Form 10. Employer counter-appeals and argues that the finding of compensable injury is against the clear weight of the evidence because Claimant was injuriously exposed to the cumulative trauma for a period of more than ninety (90) days in his subsequent employment. We hold that the § 11(B)(5) defense was not waived, and the finding of compensable injury was not against the clear weight of the evidence. The order of the three-judge panel is SUSTAINED.

**FACTS**

¶ 2 Claimant worked for Employer for nine years installing car windows. Claimant filed a Form 3 April 2, 2010, alleging cumulative trauma injuries to both hands, both arms, both shoulders, and spine from pounding windows with his hands and using vibrating hand tools. Claimant continued to work for Employer after he filed his Form 3. The owner of Employer died, and the business closed May 28, 2010. Claimant alleged the last date of exposure was May 28, 2010. After Employer closed, Claimant opened and operated his own car window installation business, Max Auto Glass, at the same location.

¶ 3 Employer denied compensability, and the trial court appointed Dr. Richard Ruffin as the Independent Medical Examiner October 29, 2010. Claimant filed a Form 9 Motion for Trial seeking medical treatment and surgical authorization March 31, 2011. Employer requested that Claimant be evaluated by Dr. Kent C. Hensley. Dr. Hensley evaluated Claimant April 28, 2011 and issued a report finding no cumulative trauma and noting that if work with Employer was injurious, then work in subsequent employment was also injurious. Dr. Hensley's report was provided to Claimant a few days before trial. Employer filed a Form 10 and asserted the affirmative defense of subsequent aggravation May 4, 2011, one day before trial.

¶ 4 The case proceeded to trial May 5, 2011. At trial, Employer raised a § 11(B)(5) defense and argued Claimant's subsequent employer should be liable for benefits. Claimant argued Employer waived the defense, because it was not specifically pleaded on a Form 10. On May 9, 2011, the trial judge issued an order finding Claimant sustained compensable cumulative trauma injuries to his hands, wrists, arms, and elbows. The trial court rejected Claimant's argument that the § 11(B)(5) defense was waived and noted that the defense was adequately explored during Claimant's deposition, Dr. Ruffin's deposition, and by pleadings on file as of the day of trial. However, the trial court denied Employer's defense of subsequent aggravation and found "Claimant has not suffered injurious exposure as a self employed person (work dropped off)." The trial court continued to say that Employer's "85 O.S. § 11(b)(5) defense is DENIED based on DR. RUFFIN'S deposition of MARCH 8, 2011 and based on claimant's testimony about reduced tasks and a change in tasks following

---

1.  85 O.S. § 11(B)(5) has been renumbered as 85 O.S.2011 § 317, effective July 1, 2012.

employer's death." Both parties sought review from a three-judge panel. The three-judge panel affirmed the decision of the trial court. Both parties now seek review of the order of the three-judge panel. The Supreme Court of Oklahoma issued an order consolidating review proceedings for Case No. 109,803 and Case No. 109,805 under surviving Case No. 109,803.

## STANDARD OF REVIEW

¶5 First, we must determine the proper standard of review. Claimant argues the any competent evidence standard of review applies, because the injury occurred prior to the effective date of 85 O.S.2011 § 340(D). Employer argues this Court should determine whether the panel's findings were against the clear weight of the evidence, as set forth in 85 O.S. § 340(D). Claimant and Employer filed their petitions for review August 26, 2011, the same day 85 O.S. § 340(D) went into effect. The 2011 amendment to the Workers' Compensation Code provides:

> After the effective date of this act, regardless of the date of injury, the Supreme Court may modify, reverse, remand for rehearing, or set aside the order or award upon any of the following grounds:
> 1. The Court acted without or in excess of its powers;
> 2. The order or award was contrary to law;
> 3. The order or award was procured by fraud; or
> 4. The order or award was against the clear weight of the evidence.

85 O.S. § 340(D). Despite recent amendments to the Workers' Compensation Code and multiple decisions from appellate courts,

uncertainty pervades. Clarification of the proper standard of review is warranted.[2] The issue presented is whether the standard of review established in 85 O.S.2011 § 340(D) applies when an appeal was filed after the new statute went into effect, but the claimant's injuries occurred and the matter was tried prior to the effective date of the statute. We hold that it does.

¶6 Prior to the 2010 amendment to 85 O.S. § 3.6, the standard of review was different depending on whether the review was by a three-judge panel of the Workers' Compensation Court or by the Supreme Court. In *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548, the Supreme Court of Oklahoma held that while the three-judge panel reviews the trial judge's findings to determine if they are against the clear weight of the evidence, the Supreme Court applies the any competent evidence standard when reviewing the panel's decision. *Id.* at 549 (applying 85 O.S.1981 § 3.6(A)).[3] The Court also applied the any competent evidence standard of review to appeals from decisions of individual judges of the Workers' Compensation Court. Prior to the 2010 amendment, "[o]nly in the absence of competent evidence [would the] tribunal's decision be viewed as legally erroneous and hence subject to appellate vacation." *Yocum v. Greenbriar Nursing Home*, 2005 OK 27, ¶8, 130 P.3d 213, 218–219.

¶7 The 2010 amendment to 85 O.S. § 3.6(C) provided:

> The Supreme Court may modify, reverse, remand for rehearing, or set aside the order or award upon any of the following grounds:

---

2. In *Yzer, Inc. v. Rodr*, 2012 OK 50, 280 P.3d 323, *the Supreme Court's opinion did not address the issue presented today. The Court reviewed a question of law de novo* and noted:
> [W]e need not determine whether or not the new standard of review [85 O.S.2011 § 340(D)] applies to injuries occurring prior to the effective date of the statute. *See, Dunlap v. Multiple Injury Trust Fund*, 2011 OK 14, 249 P.3d 951 (holding that the 2010 amendment of § 3.6(C), effective November 1, 2010, applied prospectively to claims for injuries that occur after the effective date of the amendment). *Id.* ¶2, 280 P.3d at 325 n. 2.

3. The Oklahoma Supreme Court stated:
> When the panel-substituted decision is tendered for corrective relief, it must hence be reviewed by applying the law's traditional any-competent-evidence test of correctness. Under this standard our responsibility simply is to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies but only for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence. *Parks*, 1984 OK 53, 684 P.2d at 552.

1. The Court acted without or in excess of its powers;
2. The order or award was contrary to law;
3. The order or award was procured by fraud; or
4. The order or award was against the clear weight of the evidence.

85 O.S.Supp.2010 § 3.6(C) (repealed). The 2010 amendment took effect November 1, 2010 and authorized the Supreme Court to review an order or award to determine whether it was against the clear weight of the evidence. In *Dunlap v. Multiple Injury Trust Fund*, 2011 OK 14, 249 P.3d 951, the Supreme Court held that the against the clear weight of the evidence standard of review set out in 85 O.S.Supp.2010 § 3.6(C) applied prospectively to claims for injuries that occurred after the effective date of the amendment, *i.e.*, November 1, 2010. *Id.* ¶ 1, 249 P.3d at 952. As for appeals in cases where the injury underlying the claim for benefits occurred prior to the effective date of the amendment, the any competent evidence standard of review applied. *Id.*

¶ 8 In direct response to the Court's decision in *Dunlap*, the Oklahoma Legislature again amended and renumbered § 3.6(C), adding the language: "After the effective date of this act, regardless of the date of injury ..." 85 O.S.2011 § 340(D), effective August 26, 2011. All other language from the 2010 statute remained the same.

¶ 9 Claimant asserts that despite 85 O.S. § 340(D), the law in effect at the time of the injury should apply. Claimant's date of last exposure was May 28, 2010. On that day, any competent evidence was the standard of review. Claimant first argues that the Legislature's attempt at instructing the Oklahoma Supreme Court on the standard of review in § 340(D) is invalid under the sepa-

ration of powers doctrine and violates Article IV, § 1 of the Oklahoma Constitution. Employer argues that standards of review are established by either appellate practice or explicit statutory command and, therefore, the Legislature is permitted to establish the standard of review for a particular matter.

¶ 10 Article IV, § 1 of the Oklahoma Constitution provides:

> The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others.

OKLA. CONST. art. IV, § 1. Every legislative act is presumed to be constitutional and will be upheld unless it is clearly, palpably, and plainly inconsistent with the Constitution. *City of Edmond v. Vernon*, 2009 OK CIV APP 36, ¶ 8, 210 P.3d 860, 863 (citing *Mehdipour v. State ex rel. Dep't of Corr.*, 2004 OK 19, ¶ 22, 90 P.3d 546, 555). The burden is on Claimant, as the party challenging the statute, to show beyond a reasonable doubt that § 340(D) is unconstitutional. *See City of Enid v. Public Employees Relations Bd.*, 2006 OK 16, ¶ 5, 133 P.3d 281, 285. This burden has not been met, and we hold that 85 O.S. § 340(D) does not violate the Constitution.

¶ 11 Claimant has failed to cite a single case where the Oklahoma Supreme Court or Court of Criminal Appeals determined a statutorily prescribed standard of review was unconstitutional because it violated the separation of powers doctrine, and we have yet to discover such case.[4] To the contrary, the Legislature has established standards of review for particular matters in numerous stat-

---

4. In *Okla. State Chiropractic Indep. Physicians Ass'n v. Fallin*, 2011 OK 102, 290 P.3d 1, 2011 WL 6382024 (petition for reh'g filed), the Supreme Court of Oklahoma held that portions of 85 O.S.2011 §§ 326, 329, and 332 violated the separation of powers doctrine. *Id.* ¶ 14. In its analysis, the Court stated: "In the present matter the Legislature has attempted to change the standard of review in the Workers' Compensation Court from preponderance of the evidence to the standard of clear and convincing evidence." *Id.* ¶ 13. The Court also referred to the same amendments as attempts at "changing the standard of proof required." *Id.* It appears the Supreme Court inadvertently used the phrase "standard of review" when referring to the burden of proof. *Okla. State Chiropractic* did not involve § 340(D), which sets forth the standard of review.

utes.[5] Furthermore, the Supreme Court of Oklahoma and the Court of Criminal Appeals have commonly applied these statutorily prescribed standards of review.[6] The United

5. According to the Oklahoma Education Lottery Act, the district court of Oklahoma County may reverse a decision of the Board only if it is clearly erroneous or arbitrary or capricious. 3A O.S. § 730(B). The substantial evidence standard of review is statutorily provided for appeals from final orders of the Banking Board and Banking Commissioner. 6 O.S. § 207(D). Under the Oklahoma Banking Code, the disapproval of a proposed acquisition of a trust company is reviewed by the Supreme Court, and "[t]he findings of the Board shall be set aside if found to be arbitrary and capricious." 6 O.S. § 1024(F). The trial court may, in its discretion, certify juveniles to stand trial as adults. 10A O.S. § 2-2-403(A)(7). The trial court has discretion to seal court records and close hearings in juvenile cases. 10A O.S. § 2-6-108. An appeal from an action, decision, ruling, judgment, or order of the board of adjustment is tried de novo in district court. 11 O.S. § 44-110(D). Taxing costs is discretionary. 12 O.S. §§ 927, 930. The trial court has discretion to transfer a case from the small claims docket to any other docket of the court under 12 O.S. § 1757. The interpleader statute provides reasonable attorney fees in the discretion of the court when a party claiming no interest in the subject of the action is discharged. 12 O.S. § 2022(C). Class action certification orders are subject to de novo review. 12 O.S. 2023(C)(2). According to the permissive intervention statute, if intervention is not mandatory, intervention is within the discretion of the trial court. 12 O.S. § 2024. The trial court has discretion to admit evidence of specific instances of conduct probative of truthfulness or untruthfulness. 12 O.S. § 2608(B). The court may award treble damages when there is clear, cognitive and convincing evidence that a well operator entered the premises for the purpose of drilling before giving notice of entry or without the agreement of the surface owner. 17 O.S. § 525. "The issue of noncompliance shall be a fact question, determinable without jury, and a de novo issue in the event of appeal." Id. Appeals from acts of the Board of County Commissioners "shall be heard and determined de novo" by the district court. 19 O.S. § 434. Appeals related to county employees' retirement benefits are tried de novo by the district court. 19 O.S. § 962. Punishment for direct contempt is reviewed for an abuse of discretion. 21 O.S. § 566. Punishment for indirect contempt for failure to comply with an order of child support is also discretionary. 21 O.S. § 566.1(B). The criminal code provides discretionary punishments for many crimes. See, e.g., 21 O.S. § 801 (armed robbery); 21 O.S. § 888 (forcible sodomy); 21 O.S. § 1123 (lewd acts and indecent proposals to a child); 21 O.S. § 1362 (noise disturbances); 21 O.S. § 1363 (use of language calculated to arouse anger or cause breach of peace); 21 O.S. § 1451 (embezzlement); 21 O.S. § 1515 (unlawful procurement of telecommunication services);

21 O.S. § 1706 (petit larceny). The granting or refusal of bail is discretionary. 22 O.S. § 1077. The Oklahoma Hazardous Waste Management Act provides de novo review of actions of the Board of County Commissioners. 27A O.S. § 2-7-115(D). The Department of Public Safety's order canceling or denying driving privileges is reviewed de novo by the district court. 47 O.S. § 6-107.2(C)(2). The Oklahoma Adult Companion Home Certification Act provides de novo review by the district court to certificate holders aggrieved by a decision of DHS. 56 O.S. § 530.8. A decision of the Board of Polygraph Examiners to suspend or revoke a polygraph examiner's license may be set aside by the district court if the Board's decision is not based upon substantial evidence determinable upon the entire record or is arbitrary or capricious. 59 O.S. § 1471. The Public Health Code provides de novo review by the district court to any person whose interest is affected adversely by an embargo imposed on drugs, devices, or cosmetics. 63 O.S. § 1-1405(b). A decision of the State Department of Health under the Psychiatric and Chemical Dependency Facility Certificate of Need Act "shall be upheld by the court unless it is arbitrary or capricious or is not in accordance with applicable law." 63 O.S. § 1-880.8. Appeals from orders of the board of tax roll corrections to the district court are tried de novo. 68 O.S. § 2871(H). Appeals from orders of the county board of equalization to the district court are tried de novo. 68 O.S. § 2880.1(A). The any competent evidence standard of review applies to some decisions of the Court of Tax Review. 68 O.S. § 2881(F) (appeals from assessments of ad valorem taxes on railroads, air carriers, and public service corporations); 68 Okla. Stat. § 2882(E) (appeals from board of equalization's determination of unlawful assessment ratio); 68 Okla. Stat. § 2883(D) (when a county assessor or the Oklahoma Tax Commission appeals from a decision of the Court of Tax Review to correct certain noncompliances in ad valorem valuation procedure). In the event of a bargaining unit determination dispute or a bargaining election dispute between school employees and districts, the court may overrule the dispute resolution committee, if it determines the committee's findings, inferences, conclusions, or decisions were clearly erroneous or arbitrary or capricious. 70 O.S. § 509.2a (A)(8). Appeals from the State Fire Marshal are tried de novo before the district court. 74 O.S. § 317. The Administrative Procedures Act (APA) provides the standard for reviewing agency orders. 75 O.S. § 322 (clearly erroneous or arbitrary or capricious). The court may, in its discretion, award reasonable attorneys fees to the prevailing party in a deceptive trade practices action. 78 O.S. § 54(C).

6. The Supreme Court of Oklahoma has applied the statutorily prescribed substantial evidence

States Supreme Court has acknowledged the viability of statutorily prescribed standards of review. In *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Court recognized:

> For some few trial court determinations, *the question of what is the standard of appellate review is answered by relatively explicit statutory command. See, e.g.,* 42 U.S.C. § 1988 ("[T]he court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee"). For most others, the answer is provided by a long history of appellate practice.

*Id.* at 558, 108 S.Ct. 2541 (emphasis added). The against the clear weight of the evidence standard of review prescribed in 85 O.S. § 340(D) is an explicit statutory command. The Supreme Court of Oklahoma has acknowledged that the Legislature often expressly sets forth the standard of review in statutes. *See Estrada v. Port City Properties, Inc.,* 2011 OK 30, ¶ 19, 258 P.3d 495, 504 n. 29 ("*Although the statute has no express provision for review* of a punitive damages award, the Court does review such award as safeguards against excessive verdicts."). We are not persuaded by Claimant's unsupported argument that statutorily prescribed standards of review violate the separation of powers doctrine of the Oklahoma Constitution.

standard of review in *Citizens Sec. Bank & Trust v. Banking Bd. of State of Okla.,* 1981 OK 14, 627 P.2d 423, 426 (applying 6 O.S. § 207(D)). The Court of Criminal Appeals has applied the statutory abuse of discretion standard of review to appeals of the certification of juveniles to stand trial as adults. *See, e.g., K.V.F. v. State,* 1991 OK CR 11, 805 P.2d 106, 108–109; *T.C. v. State,* 1987 OK CR 151, 740 P.2d 739, 742. The Supreme Court has recognized that 11 O.S. § 44–110(D) requires the district court to conduct a trial *de novo. See Hargrave v. Tulsa Bd. of Adjustment,* 2002 OK 73, ¶ 6, 55 P.3d 1088, 1091; *Banks v. City of Bethany,* 1975 OK 128, 541 P.2d 178, 180. "Unless otherwise provided by statute, the costs of motions, continuances, amendments and the like, shall be taxed and paid as the court, in its discretion, may direct." *Walters v. Cowley,* 1995 OK CR 53, 902 P.2d 1109, 1111 (applying 12 O.S. § 927 and § 930 and holding that the trial court did not abuse its discretion by assessing costs for mileage and copy charges). "The taxing of costs is discretionary with the court." *Pierson v. Am. Nat. Bank of Shawnee,* 1958 OK 111, 325 P.2d 426, 428 (citing 12 O.S.1951 § 930). Title 12, § 1757 allows the discretionary

¶ 12 Alternatively, Claimant argues that even if the statute is constitutional, it cannot be applied retroactively to cases that have previously been tried to a trial court and reviewed by a three-judge panel, because the amendment affects the substantive rights of the parties. Employer responds and argues that the clear language of the 2011 amendment evidences the Legislature's intent that Oklahoma appellate courts apply the against the clear weight of the evidence standard of review retroactively. Employer further suggests that the standard of review is a matter of procedure and, therefore, may be applied retroactively.

¶ 13 The Supreme Court of Oklahoma summarized the long-standing principles regarding the retroactive and prospective application of statutes in *Cole v. Silverado Foods, Inc.,* 2003 OK 81, 78 P.3d 542. The Court stated:

> Absent a plain legislative intent to the contrary, statutes are generally presumed to operate prospectively only. Legislation that is general in its terms and impacts only matters of procedure is presumed to be applicable to all actions, even those that are pending. Statutes that relate solely to remedies and hence affect only modes of procedure—*i.e., enactments which do not*

transfer of small claims cases. *Eskridge v. Ladd,* 1991 OK 3, 811 P.2d 587, 589–590. "The trial court's determination regarding permissive intervention will not be reversed on appeal absent an abuse of that discretion." *Skrapka v. Bonner,* 2008 OK 30, ¶ 12, 187 P.3d 202, 208–209 n. 16 (citing *Tulsa Rock Co. v. Williams,* 1982 OK 10, 640 P.2d 530) (applying 12 O.S.Supp.2003 § 2024). The Court of Criminal Appeals has applied the abuse of discretion standard of review established in 12 O.S. 2608(B). *White v. State,* 1985 OK CR 84, 702 P.2d 1058, 1062. The abuse of discretion standard of review has been consistently applied to contempt citations. *Autry v. State,* 2007 OK CR 41, ¶ 19, 172 P.3d 212, 216 n. 6 (applying 21 O.S. § 566); *Champion v. State,* 1969 OK CR 181, 456 P.2d 571, 572 ("Power of courts to punish for direct contempt is so indispensable that its just exercise, so far as it may be necessary for due protection of courts, is not questioned."). The statutory standards of review provided in the APA have been recognized, summarized, and applied by the Supreme Court. *Oklahoma Dept. of Public Safety v. McCrady,* 2007 OK 39, ¶ 10, 176 P.3d 1194, 1200–01 (citing 75 O.S. § 322).

*create, enlarge, diminish, or destroy accrued or contractual rights*—are generally held to operate retroactively and apply to pending proceedings (unless their operation would affect substantive rights).

*Id.* ¶ 8, 78 P.3d at 546 (footnotes omitted) (emphasis original). In *CNA Insurance Co. v. Ellis*, 2006 OK 81, 148 P.3d 874, the Oklahoma Supreme Court determined that 85 O.S.2001 § 11(B)(5) could not be given retroactive effect because the statute affected the substantive rights of the parties. The Court noted:

> [G]enerally, the law in effect at the time of the employee's injury controls.
>
> * * *
>
> Statutes are typically not given retroactive effect unless the Legislature has made its intent to do so clear. Any doubts must be resolved against a retroactive effect. Here, the Legislature provided no language expressing its intent for § 11(B)(5) to apply retroactively. The absence of such intent is likely because substantive rights of the affected parties would have been violated.
>
> The right to compensation and the obligation to pay such benefits becomes vested and fixed by law at the time of the claimant's injury. Such rights cannot be affected by after-enacted legislation. The statutes in force on the date of injury form a part of the contract and determine the rights and obligations of the parties. No subsequent amendment can operate retrospectively to affect in any way the substantive rights and obligations which are fixed.

*Id.* ¶¶ 12–14, 148 P.3d at 877 (citations omitted). The Court in *Cole* and *CNA* suggests

that a statute will be given retroactive effect if the Legislature clearly expresses its intent to do so, and retroactive application does not affect the substantive rights of the parties.

■ ¶ 14 The Legislature clearly expressed its intent that § 340(D) was to be applied retroactively when it amended the statute to include the language: *"After the effective date of this act, regardless of the date of injury,* the Supreme Court may modify, reverse, remand for rehearing, or set aside the order or award [if] . . . [t]he order or award was against the clear weight of the evidence." 85 O.S.2011 § 340(D) (emphasis added). The Supreme Court in *Dunlap* held that the against the clear weight of the evidence standard of review established in 85 O.S.Supp.2010 § 3.6(C) did not apply to appeals where the injury underlying the claim occurred prior to the effective date of the 2010 amendment. However, *Dunlap* interpreted the 2010 statute, which did not contain plain language expressing the Legislature's intent to apply the statute retroactively. The Legislature amended the statute in 2011 by adding plain language expressing its intent that § 340(D) is to be applied retroactively.

■ ¶ 15 Furthermore, generally the standard of review is a matter of procedure and, therefore, may be applied retroactively without affecting the substantive rights of the parties. Although the Oklahoma Supreme Court has not specifically ruled on whether standards of review are procedural or substantive, several other jurisdictions have determined standards of review are procedural and may be applied retroactively.[7] The

---

**7.** *See, e.g., Hughes v. Bd. of Prof'l Responsibility of Supreme Court of Tenn.,* 259 S.W.3d 631, 639–640 (Tenn.2008) (quoting *Bd. of Prof'l Responsibility v. Love,* 256 S.W.3d 644, 652 (Tenn.2008)) (holding that the amendment to the standard of review "is procedural and remedial in nature and, therefore, should be applied retrospectively 'not only to causes of action arising before [its effective date], but also to all actions pending when [it] took effect, unless a contrary intention is indicated or immediate application would produce an unjust result.' "); *Due South, Inc. v. Department of Alcoholic Beverage Control,* 2008 UT 71, ¶ 14, 197 P.3d 82, 87 ("The standard of review is a matter of procedural, rather than substantive, law."); *Fowler v. State,* 991 S.W.2d

258, 261 (Tex.Crim.App.1999) (holding that the standard of review was a procedural mechanism for reviewing a conviction and not a vested and substantive right); *Floyd v. Bd. of Comm'rs of Bonneville County,* 131 Idaho 234, 953 P.2d 984, 988 (1998) ("Statute defining district court's standard of review for decision of county board of commissioners or highway district commissioners in abandonment and vacation or validation proceeding is procedural in nature, as it does not give parties right to pursue some cause of action or to present defense, and therefore statute can be applied retroactively."); *Pospisil's Case,* 402 Mass. 820, 525 N.E.2d 646, 647 (1988) (holding that statute concerning standard of review to be applied by the Industrial Acci-

Oklahoma Legislature amended the class certification statute in 2009. *See* 12 O.S.Supp.2009 § 2023(C). The 2009 amendment to 12 O.S. § 2023 established *de novo* review of class certification orders.[8] In *Gentry v. Cotton Electric Cooperative, Inc.*, 2011 OK CIV APP 24, 268 P.3d 534, the Court of Civil Appeals held that the *de novo* standard of review prescribed in the amended statute applied retroactively. · *Id.* ¶ 10, 268 P.3d at 539. The court explained that CEC failed to show that the standard of review was substantive rather than procedural and, therefore, the standard of review applied retroactively. *Id.* ¶ 8, 268 P.3d at 538. The court noted that "when constitutional rights are at issue, the correct standard of review will be applied in pending cases even though a different standard had been previously used" and found no reason to apply a different rule when non-constitutional rights are at issue. *Id.* ¶ 9, 268 P.3d at 539.[9]

¶ 16 We are not persuaded by Claimant's argument that if one party prevails at trial under the any competent evidence standard of review but loses when the against the clear weight of the evidence standard of review is applied on appeal, the standard of review has affected the party's substantive rights. The standard of review prescribed in § 340(D) does not alter the burden of proof at trial. It remains that the employee has the burden of proof to establish by a preponderance of the evidence that the injury was caused by the employment. *See* 85 O.S.2011 § 308(10)(a). Furthermore, Claimant was

subject to the clear weight of the evidence standard of review when he sought review from the three-judge panel. Prior to the 2011 amendment, a three-judge panel of the Workers' Compensation Court could reverse or modify the trial judge's decision only if it determined that the decision was against the clear weight of the evidence or contrary to law. *See* 85 O.S.Supp.2010 § 3.6(A); *Parks,* 1984 OK 53, 684 P.2d at 549.

¶ 17 Our determination of the proper standard of review is consistent with Division 2 and Division 4 of the Court of Civil Appeals. Division 2 applied the against the clear weight of the evidence standard of review in *Okla. Dep't of Mental Health & Substance Abuse v. Pierce,* 2012 OK CIV APP 73, ¶ 14, 283 P.3d 894. The *Pierce* court noted that "[t]he standard of review in effect when this appeal was ready for decision [was] that provided in the 2011 amendment." *Id.* Division 4 applied the against the clear weight of the evidence standard of review in *McGuire v. N. Glantz & Sons LLC,* 2012 OK CIV APP 59, ¶ 9, 278 P.3d 1060, 1061. In *McGuire,* the claimant's petition for review was commenced August 30, 2011, after the August 26, 2011 effective date of 85 O.S. § 340(D).

¶ 18 We hold that the Legislature clearly expressed its intent that 85 O.S. § 340(D) be applied retroactively and that the statute does not affect the substantive rights of the parties. Therefore, § 340(D) provides the proper standard of review for this appeal.[10]

dent Reviewing Board was procedural and had to be applied retroactively); *Truckstops of America, Inc. v. Engram,* 220 Ga.App. 289, 469 S.E.2d 425, 428 (1996) (citing *Clinical Arts Home Care Servs. v. Smith,* 218 Ga.App. 681, 462 S.E.2d 757, 759–760 (1995)) (holding that the amendment changing the standard of review for workers' compensation cases was procedural and applied retroactively); *Matter of Am. Waste & Pollution Control Co.,* 597 So.2d 1125, 1129–30 (La.Ct.App.1992) ("We believe that the provision requiring the trial court to conduct a de novo review is a remedial and procedural provision. Laws regulating the form of judicial proceedings are remedial laws."); *Armstrong v. Asten–Hill Co.,* 90 Or.App. 200, 752 P.2d 312, 314–315 (1988) (holding that statute changing standard of review in workers' compensation cases from *de novo* review to substantial evidence review involved a procedural, rather than substantive change, and the new standard could be ap-

plied in cases filed after statute's effective date even though injury giving rise to compensation claim occurred when the *de novo* standard applied).

8. "[Class certification orders] shall be subject to a de novo standard of review by any appellate court reviewing the order." 12 O.S. § 2023(C)(2), effective November 1, 2009.

9. The Oklahoma Supreme Court denied certiorari February 14, 2011.

10. In this appeal, the cumulative trauma injury underlying the claim occurred prior to the effective date of the 2011 amendment, the case was tried before a judge of the Workers' Compensation Court prior to the effective date of the amendment, and the case was reviewed by a three-judge panel of the Workers' Compensation

We will affirm the decision of the three-judge panel unless the order or award is contrary to law or against the clear weight of the evidence. 85 O.S. § 340(D).

## 85 O.S. § 11 (B)(5) DEFENSE NOT WAIVED

█ ¶ 19 Claimant appeals the finding that Employer had not waived its § 11(B)(5) defense. Claimant argues the defense was waived because Employer did not specifically plead the affirmative defense in a Form 10. Claimant relies on Workers' Compensation Court Rule 16:

> A general denial or failure to timely file a Form 10 or Form 10M shall be taken as admitting all allegations in the claim form except jurisdictional issues.... Unless excused by the Court for good cause shown, denials and *affirmative defenses shall be asserted on the Form 10 or Form 10M or shall be waived.*

Rule 16(B)(2), Rules of the Workers' Compensation Court, 85 O.S.Supp.2006, Ch. 4, App. (emphasis added). Claimant asserts that because Employer did not timely file a Form 10, it waived the subsequent aggravation defense. Rule 19 provides:

> D. In all cases, *the respondent shall file a Form 10 or Form 10M no later than thirty (30) days after the filing of the Form 9.*

The Form 10 or Form 10M may be amended at any time, not later than twenty (20) days prior to the date of trial.

. . .

> G. The provisions of this rule may be excused by the Court for good cause shown.

Rule 19, Rules of the Workers' Compensation Court, 85 O.S.Supp.2006, Ch. 4, App. (emphasis added). Claimant filed his Form 9 March 31, 2011. Employer filed a Form 10 November 9, 2010, but no affirmative defenses were asserted. It was not until May 4, 2011, one day before trial, that Employer filed a Form 10 and asserted subsequent aggravation as an affirmative defense.

¶ 20 Employer responds that its § 11(B)(5) defense was not a surprise to Claimant, and the trial court found good cause for excusing the failure to assert an affirmative defense in a timely filed Form 10 when it stated in the order that the § 11(B)(5) defense "was adequately explored during claimant's deposition, DR. RUFFIN'S deposition and by pleadings on file as of the day of trial." Employer asserts that strict adherence to Rules 16 and 19 is not required as the Workers' Compensation Court has the authority to relax rules within its discretion.

█ ¶ 21 We hold that it was within the trial court's discretion to allow Employer to

Court prior to the effective date of the amendment. Claimant and Employer filed their petitions for review August 26, 2011, the effective date of the 2011 amendment.

> We recognize some uncertainty remains as to whether § 340(D) applies to appeals pending but not yet decided as of the effective date of the statute. The Court of Civil Appeals has applied the against the clear weight of the evidence standard of review to appeals filed before August 26, 2011 but not decided until after August 26, 2011. *See Durant Metal Shredding v. Stapleton,* 2012 OK CIV APP 35, ¶ 5, 274 P.3d 852, 853; *Lee v. Sundance Rehab. Corp.,* 2012 OK CIV APP 77, ¶ 5, 284 P.3d 469; *Scott v. Sprint PCS,* 2012 OK CIV APP 36, ¶ 6, 274 P.3d 173, 174. The Supreme Court of Oklahoma applied the any competent evidence standard of review in *Nomac Drilling LLC v. Mowdy,* 2012 OK 45, 277 P.3d 1282, and *Evans & Assocs. Utility Servs. v. Espinosa,* 2011 OK 81, 264 P.3d 1190. In *Nomac* and *Espinosa,* the Court of Civil Appeals had previously decided the cases under the any competent

evidence standard of review prior to August 26, 2011, but the Oklahoma Supreme Court did not review the appeals until after August 26, 2011. *See Nomac,* 2012 OK 45, ¶ 8, 277 P.3d at 1284 (decided May 8, 2012); *Espinosa,* 2011 OK 81, ¶ 21, 264 P.3d at 1196–97 (decided October 4, 2011). The 2011 amendment was acknowledged by the Court in *Espinosa,* but it was not acknowledged in *Nomac. See Espinosa,* 2011 OK 81, ¶ 21, 264 P.3d at 1196–97 n. 20. However, the Supreme Court recognized the new standard of review in *Yzer, Inc. v. Rodr,* 2012 OK 50, 280 P.3d 323 (decided June 5, 2012). In *Yzer,* the petition for review was filed before August 26, 2011, and the appeal was decided by both the Court of Civil Appeals and the Supreme Court after the effective date of 85 O.S.2011 § 340. The Supreme Court recognized the 2011 amendment to the standard of review, but did not determine whether the new standard of review applied to cases pending but not yet decided as of the effective date of § 340(D), because the appeal presented a legal question to be reviewed *de novo. See id.* ¶ 2, 280 P.3d at 325 n. 2.

assert the § 11(B)(5) defense even though it did not strictly comply with Rules 16 and 19. The Workers' Compensation Court has the authority to adopt rules and the authority to relax them within its discretion. *Arrow Trucking Co., Inc. v. Jimenez*, 2010 OK CIV APP 9, ¶ 23, 231 P.3d 741, 748 (citing *Ed Wright Constr. Co. v. McKey*, 1979 OK 25, 591 P.2d 302). Furthermore, the trial court may *implicitly* excuse strict compliance with court rules for good cause.[11] When the trial court found the defense had not been waived because it had been adequately explored during discovery, the court implicitly excused compliance for good cause. Therefore, the trial court did not err in finding Employer had not waived its § 11(B)(5) defense.

## DENIAL OF 85 O.S. § 11(B)(5) DEFENSE WAS NOT AGAINST THE CLEAR WEIGHT OF THE EVIDENCE

¶ 22 Employer appeals the denial of its § 11(B)(5) defense. Employer argues that finding a compensable injury is against the clear weight of the evidence because Claimant was injuriously exposed to the trauma in his subsequent employment for a period of more than ninety (90) days. Employer asserts that Claimant's subsequent employer is liable for any and all benefits. Title 85, § 11(B)(5) provides:

Where compensation is payable for an injury resulting from cumulative trauma, the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more, and the insurance carrier, if any, on the risk when the employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier.

85 O.S. § 11(B)(5). Employer suggests that Claimant was self-employed at Max Auto Glass for more than ninety (90) days, and Claimant admitted that while self-employed,

he pounded windows with his hands and used vibratory tools. Employer further relies on Dr. Hensley's report and Dr. Ruffin's deposition. Dr. Ruffin testified that Claimant's subsequent employment aggravated or maintained his condition. Employer asserts that after Claimant became self-employed, he continued to be exposed to the trauma that caused or contributed to his injury; therefore, Max Auto Glass should be liable for the compensation payable for an injury resulting from the cumulative trauma.

¶ 23 Claimant argues that he was not "injuriously" exposed to the trauma during subsequent employment. Claimant claims he significantly reduced his exposure to vibrating hand tools after becoming self-employed and, therefore, his exposure to the trauma was not "injurious." Claimant also relies on his own testimony at trial and Dr. Ruffin's deposition testimony. Dr. Ruffin testified that the need for surgery existed prior to Claimant becoming self-employed and that subsequent employment did not make Claimant's injury worse. Claimant also suggests Employer should have joined Max Auto Glass to the claim.

¶ 24 The Court of Civil Appeals has considered similar facts in *Southern Material Handling Co. v. Falling*, 2006 OK CIV APP 81, 138 P.3d 838, and *Neel v. Am. Woodmark Corp.*, 2006 OK CIV APP 66, 136 P.3d 732. In *Falling*, the claimant alleged cumulative trauma injuries to his shoulder, arm, and hands. 2006 OK CIV APP 81, ¶ 2, 138 P.3d at 839. The claimant stopped working for the employer three months after the date of last exposure. *Id.* The employer asserted a § 11(B)(5) defense and argued that claimant was injuriously exposed to the trauma by performing manual labor erecting a greenhouse in his subsequent employment of more than ninety (90) days. *Id.* ¶ 13, 138 P.3d at 840. The claimant responded that he sustained the cumulative trauma injury to his shoulder while working for the first employ-

---

11. In *Arrow Trucking*, the claimant asserted that the employer failed to timely plead its claim for overpayment of temporary total disability in accordance with Rule 16(B)(2) and, because the employer's failure to plead overpayment was never excused by the trial court for good cause, it was waived. *Arrow Trucking*, 2010 OK CIV APP 9, ¶ 22, 231 P.3d at 748. The Court of Civil Appeals recognized that the trial court may implicitly find good cause, and an affirmative defense is not waived because it is not specifically set forth in the employer's Form 10. *Id.* ¶ 23, 231 P.3d at 748.

er, and the subsequent employment only involved light duties and activities that did not aggravate his shoulder. *Id.* ¶¶ 5, 13, 138 P.3d at 839, 841. The *Falling* court rejected the employer's § 11(B)(5) defense and clarified:

[I]t would appear that, if the proof demonstrates the job-related exposures to a risk of cumulative trauma injury in the last employment *have not caused or contributed to the resulting disability,* § 11(B)(5) would permit imposition of liability for the full extent of cumulative-trauma-related disability on the previous employer.

*Id.* ¶ 15, 138 P.3d at 841 (emphasis added). The Court of Civil Appeals sustained the trial court's rejection of the employer's § 11(B)(5) defense and determined there was "competent testimony and medical evidence to support the conclusion that Claimant sustained no aggravation of his cumulative trauma shoulder injury in the subsequent employment, and all of Claimant's left shoulder impairment was attributable to the cumulative trauma injury sustained while working for Employer." *Id.* ¶ 18, 138 P.3d at 842.

¶ 25 The claimant in *Neel* stopped working for the employer several months after he reported problems with his hands. 2006 OK CIV APP 66, ¶ 2, 136 P.3d at 734. Thereafter, the claimant began building a barbed wire fence for his subsequent employer. *Id.* ¶ 3, 136 P.3d at 734. The claimant testified that his hands were worse since he left his previous employer and since he had been driving fence posts into the ground and using them continuously during his subsequent employment. *Id.* Claimant was denied compensability based on § 11(B)(5). *Id.* ¶ 4, 136 P.3d at 735.

¶ 26 The Court of Civil Appeals adopted the following burden shifting analysis:

For cumulative trauma injury, the claimant must present lay testimony of the nature of the work that exposed him to the cumulative trauma injury and expert medical evidence establishing a nexus between the activity and the disability for which compensation is sought. *The employer against whom the claimant is proceeding may refute the claimant's evidence with evidence* that the conditions of employment could not have caused the injury, or *that the injury was caused by exposure during the last 90 days of employment with another employer.*

*Id.* ¶ 7, 136 P.3d at 736 (emphasis added).[12] The Court of Civil Appeals determined that the claimant in *Neel* had met his burden of producing evidence that he was exposed to cumulative trauma while employed by the first employer. *Id.* ¶ 9, 136 P.3d at 736. The first employer met its burden of refuting the claimant's evidence with the claimant's own testimony that his carpal tunnel had gotten worse since he had been building fences for his subsequent employer. *Id.* ¶ 10, 136 P.3d at 736. The claimant's testimony that he was injuriously exposed to the trauma in his subsequent employment and that his cumulative trauma injury had worsened during his subsequent employment was overwhelming, and the Court of Civil Appeals sustained the panel's order that the subsequent employer was liable for the claimant's benefits. *Id.*

¶ 27 In the present case, it is undisputed that Claimant has been self-employed for a period of more than ninety (90) days. However, the parties presented conflicting evidence on the issue of whether Claimant was injuriously exposed to the trauma in his subsequent employment. Employer offered Claimant's testimony that he continued to install car windows and train his son in window installation while self-employed. Employer also pointed to a comment in Dr. Hensley's report that if the work with Employer was injurious, then the work in subsequent employment was also injurious. Employer further relied on Dr. Ruffin's deposition testimony that using vibratory tools and pounding glass while self-employed "aggravates" Claimant's condition.

¶ 28 Claimant offered his own testimony that work dropped off after he opened his

---

12. The court adopted the burden shifting analysis set forth in *Heat Transfer & Equip. v. Cauthon,* 2004 OK 80, ¶ 13, 100 P.3d 722, 725–26 (applying § 11(B)(4), which imposes liability on the last employer in whose employment the claimant was exposed to the hazard of an occupational disease).

own shop, that he significantly reduced the number of car windows he installed per day, and that his son started working to ease his work load. Claimant also relied on Dr. Ruffin's deposition testimony. Dr. Ruffin testified that Claimant's symptoms had not changed appreciably since he became self-employed; that continued exposure to the trauma at a reduced pace would not make Claimant's condition worse, but it would not make it better; that if Claimant completely stopped pounding windows and using vibratory tools, his condition would not improve dramatically; and that by "aggravating" he meant maintaining the current condition, not making it worse.

¶ 29 We hold that it was not against the clear weight of the evidence to find Claimant had not suffered injurious exposure to the trauma in his subsequent employment. Claimant's testimony and Dr. Ruffin's testimony support the conclusions that exposure to the trauma while self-employed did not cause or contribute to the resulting disability, that subsequent employment did not make the cumulative trauma injuries worse, and that Claimant's injuries are attributable to cumulative trauma sustained while working for Employer. *See Falling,* 2006 OK CIV APP 81, ¶¶ 15, 18, 138 P.3d at 841–42; *Neel,* 2006 OK CIV APP 66, ¶ 9, 136 P.3d at 736.

¶ 30 SUSTAINED.

JOPLIN, V.C.J., and GOREE, J., concur.

